**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUSH SYSTEM FOR HEALTH d/b/a RUSH UNIVERSITY SYSTEM FOR HEALTH,<br><br>Defendant. | Case No. 1:22-cv-05380<br><br>The Honorable Matthew F. Kennelly, Judge<br><br>**DEFENDANT RUSH SYSTEM FOR HEALTH ANSWER TO PLAINTIFFS' COMPLAINT** |

For its answer to plaintiffs Marguerite Kurowski's and Brenda McClendon's Complaint, defendant Rush System for Health d/b/a Rush University System for Health states as follows:

**NATURE OF THE ACTION**

1. Rush denies the allegations contained in paragraph 1 of the Complaint.

2. For its response to paragraph 2, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, and therefore denies the same.

3. Rush denies the allegations contained in paragraph 3 of the Complaint.

4. Rush denies the allegations contained in paragraph 4 of the Complaint.

5. Rush denies the allegations contained in paragraph 5 of the Complaint.

6. For its response to paragraph 6, Rush admits that plaintiffs' Complaint purports to assert the claims listed in paragraph 6, and denies the remainder of the allegations contained therein.

7. Rush denies the allegations contained in paragraph 7 of the Complaint.

## PARTIES TO THE ACTION

8. Rush admits that plaintiff Marguerite Kurowski is a Rush patient, is without knowledge or information sufficient to form a belief as to whether she resides in Will County, and denies the remainder of the allegations in paragraph 8.

9. Rush admits that plaintiff Brenda McClendon is a Rush patient, is without knowledge or information sufficient to form a belief as to whether she resides in Cook County, and denies the remainder of the allegations in paragraph 9.

10. Rush admits that Rush System for Health d/b/a Rush University System for Health is an Illinois non-profit corporation headquartered in Chicago, and denies the remainder of the allegations in paragraph 10.

## JURISDICTION AND VENUE

11. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11, and therefore denies the same.

12. Rush admits the allegations contained in paragraph 12 of the Complaint.

13. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13, and therefore denies the same.

14. Rush admits the allegations contained in paragraph 14 of the Complaint.

15. Rush admits the allegations contained in paragraph 15 of the Complaint.

## FACTUAL ALLEGATIONS

16. Rush admits that it maintains the web properties found at www.rush.edu and mychart.rush.edu for both its patients and the public and admits that mychart.rush.edu allows individuals to log-in to an online MyChart patient portal. Rush further admits that both patients and the public may use the identified web properties to obtain information

regarding services offered, providers available, and bill payment. Rush states that the contents of its web properties speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Rush is without knowledge or information sufficient to form a belief as to what plaintiffs mean by "actively encourages," and therefore denies the allegations contained in paragraph 17 of the Complaint.

18. For its response to paragraph 18, Rush admits that plaintiffs are patients of Rush and have signed up for the MyChart patient portal.

19. Rush denies the allegations contained in paragraph 19 of the Complaint.

20. Rush denies the allegations contained in paragraph 20 of the Complaint.

21. Rush is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21, and therefore denies the same.

22. Rush denies the allegations contained in paragraph 22 of the Complaint.

23. Rush admits only that paragraph 23 accurately captures Rush's homepage found at www.rush.edu, that the homepage includes toggles for "Find a Doctor" and "Find a Location," that the "Find a Doctor" toggle includes a prompt to search by "Condition, treatment, specialty, or doctor name," and that the banner includes links captioned "Schedule Appointment," "Pay Bill," and "MyChart." Rush further states the contents of Rush's website speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Rush admits only that it maintains a patient portal accessible at www.mychart.rush.edu, and that www.mychart.rush.edu describes MyChart's capabilities for logged-in-users,

which includes "communicate with your care team," "access your test results," and "manage your appointments." Rush further states that the contents of its website speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Rush admits that it uses the MyChart website and mobile application, and that both are part of a software system designed and licensed to Rush by Epic. Rush denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Rush admits only that Epic is a privately owned health care software company. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 26 of the Complaint, and therefore denies them.

27. Rush admits only that plaintiffs quote selected portions from one of Epic's webpages, and further states that the contents of that webpage speak for themselves. Rush denies the remaining allegations contained in paragraph 27 of the Complaint.

28. Rush specifically denies that all of the selected quotes within paragraph 28 are found at the website identified by plaintiffs, and is, thus, without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint, and therefore denies them.

29. Rush admits only that plaintiffs quote a selected portion from the article "Pixel Hunt: Facebook is Receiving Sensitive Medical Information from Hospital Websites," and further states that the contents of that article speak for themselves. Rush denies plaintiffs' characterization of that article, and denies the remaining allegations contained in paragraph 29 of the Complaint.

30. Rush denies the allegations contained in paragraph 30 of the Complaint.

31. Rush is without knowledge or information sufficient to form a belief as to what plaintiffs means by "actively encourages," and therefore denies the allegations contained in paragraph 31 of the Complaint.

32. Rush denies the allegations contained in paragraph 32 of the Complaint.

33. Rush denies the allegations contained in paragraph 33 of the Complaint.

34. Rush denies the allegations contained in paragraph 34 of the Complaint.

35. Rush denies the allegations contained in paragraph 35 of the Complaint.

36. Rush denies the allegations contained in paragraph 36 of the Complaint.

37. Rush denies the allegations contained in paragraph 37 of the Complaint.

38. Rush denies the allegations contained in paragraph 38 of the Complaint.

39. Rush denies the allegations contained in paragraph 39 of the Complaint.

40. Rush denies the allegations contained in paragraph 40 of the Complaint.

41. Rush denies the allegations contained in paragraph 41 of the Complaint.

42. Rush denies the allegations contained in paragraph 42 of the Complaint.

43. For its response to paragraph 43, Rush admits that a web browser is an application software that can be used for accessing the internet, and denies the remaining allegations contained in paragraph 43 of the Complaint.

44. For its response to paragraph 44, Rush states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint.

45. For its response to paragraph 45, Rush admits that GET is an HTTP request method that can be used by web browsers and admits that the paragraph accurately captures the web

address cited by plaintiffs. Rush further admits that "GET/treatments/birth-control HTTP/1.1" is the GET request for accessing www.rush.edu/treatments/birth-control. Rush denies the remaining allegations contained in paragraph 45 subject to the fact they contain a hypothetical.

46. For its response to paragraph 46, Rush admits that POST is an HTTP request method that can be used by web browsers but is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the hypothetical allegations contained in paragraph 46 of the Complaint, and therefore denies them.

47. Rush denies the allegations contained in paragraph 47 of the Complaint.

48. To the extent that paragraph 48 refers to third-party activities, Rush states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained and therefore denies them. Rush denies the remaining allegations contained in paragraph 48 of the Complaint.

49. For its response to paragraph 49, Rush states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint, and therefore denies them.

50. For its response to paragraph 50, Rush states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint, and therefore denies them.

51. For its response to paragraph 51, Rush states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint, and therefore denies them.

52. Rush admits only that plaintiffs quote selected audio from a video on YouTube, and further states that the contents of the YouTube video speak for themselves. Rush denies the remaining allegations contained in paragraph 52 of the Complaint.

53. Rush admits only that it has used Google Tag Manager on its websites and denies the remaining allegations contained in paragraph 53 of the complaint.

54. For its response to paragraph 54, Rush states that the contents of plaintiffs' diagram speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in the paragraph.

55. Rush denies the allegations contained in paragraph 55 of the Complaint.

56. Rush denies the allegations contained in paragraph 56 of the Complaint.

57. For its response to paragraph 57, Rush states that the contents of plaintiffs' diagram speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 57 of the Complaint.

58. For its response to paragraph 58, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint, and therefore denies them.

59. Rush denies the allegations contained in paragraph 59 of the Complaint.

60. Rush admits only that plaintiffs accurately depict Rush's web property at www.rush.edu, that the web property is accessible to patients and the public, and that www.rush.edu contains links, including those captioned "Schedule Your Appointment Now" and "Pay Bill." Rush denies the remaining allegations contained in paragraph 60 of the Complaint.

61. Rush denies the allegations contained in paragraph 61 of the Complaint.

62. For its response to paragraph 62, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Complaint, and therefore denies them.

63. Rush denies the allegations contained in paragraph 63 of the Complaint.

64. Rush denies the allegations contained in paragraph 64 of the Complaint.

65. Rush denies the allegations contained in paragraph 65 of the Complaint.

66. Rush denies the allegations contained in paragraph 66 of the Complaint.

67. Rush denies the allegations contained in paragraph 67 of the Complaint.

68. Rush denies the allegations contained in paragraph 68 of the Complaint.

69. For its response to paragraph 69, Rush states that the allegations contained in paragraph 69 of the Complaint contain a hypothetical, that Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Complaint, and therefore Rush denies them.

70. For its response to paragraph 70, Rush states that the allegations contained in paragraph 70 of the Complaint contain a hypothetical, that Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the Complaint, and therefore Rush denies them.

71. Rush admits only that paragraph 71 accurately depicts the webpage found at https://www.rush.edu/schedule-your-medical-appointment-rush, and states that the contents of this webpage speak for themselves. Rush denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 71 of the Complaint.

72. Rush denies the allegations contained in paragraph 72 of the Complaint.

73. Rush denies the allegations contained in paragraph 73 of the Complaint.

74. Rush admits only that Google is among the world's largest data companies and that it operates Google, Gmail, YouTube, Google Maps, Google Analytics and Chrome. Rush further admits that Google operates Google DoubleClick and Google AdWords. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 74 of the Complaint, and therefore denies them.

75. Rush admits only that plaintiffs quote selected portions from the article "Who Has More of Your Personal Data than Facebook? Try Google," and further states that the contents of that article speak for themselves. Rush denies plaintiffs' characterization of that article, and denies the remaining allegations contained in paragraph 75 of the Complaint.

76. For its response to paragraph 76, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Complaint, and therefore denies them.

77. Rush admits only that plaintiffs quote selected portions from Google's website, and further states that the contents of Google's websites speak for themselves. Rush denies plaintiffs' characterization of Google's websites, and denies the remainder of the allegations contained in paragraph 77 of the Complaint.

78. For its response to paragraph 78, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the Complaint, and therefore denies them.

79. Rush denies that all of the selected quotes within paragraph 79 are found at the website identified by plaintiffs, and is, thus, without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in paragraph 79 of the Complaint, and therefore denies them.

80. Rush denies that all of the selected quotes within paragraph 80 are found at the website identified by plaintiffs, and is, thus, without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 80 of the Complaint, and therefore denies them.

81. Rush admits only that plaintiffs quote selected portions from Google's support website, and further states that the contents of Google's websites speak for themselves. Rush denies plaintiffs' characterization of Google's websites, and denies the remainder of the allegations contained in paragraph 81 of the Complaint.

82. Rush denies the allegations contained in paragraph 82 of the Complaint.

83. Rush denies the allegations contained in paragraph 83 of the Complaint.

84. Rush denies the allegations contained in paragraph 84 of the Complaint.

85. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 85, and therefore denies the same.

86. For its response to paragraph 86, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the Complaint, and therefore denies them.

87. For its response to paragraph 87, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint, and therefore denies them.

88. For its response to paragraph 88, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of the Complaint, and therefore denies them.

89. For its response to paragraph 89, Rush admits only that plaintiffs quote the image contained in the paragraph, states that the contents of that image speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 89 of the Complaint.

90. For its response to paragraph 90, Rush states that the contents of the image contained in the paragraph speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 90 of the complaint.

91. Rush denies the allegations contained in paragraph 91 of the Complaint.

92. Rush denies the allegations contained in paragraph 92 of the Complaint.

93. Rush denies the allegations contained in paragraph 93 of the Complaint.

94. Rush denies the allegations contained in paragraph 94 of the Complaint.

95. Rush denies the allegations contained in paragraph 95 of the Complaint.

96. Rush denies the allegations contained in paragraph 96 of the Complaint.

97. Rush denies the allegations contained in paragraph 93 of the Complaint.

98. For its response to paragraph 98, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the Complaint, and therefore denies them.

99. For its response to paragraph 99, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 99 of the Complaint, and therefore denies them.

100. For its response to paragraph 100, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 100 of the Complaint, and therefore denies them.

101. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 101 of the Complaint, and therefore denies the same.

102. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 102 of the Complaint, and therefore denies the same.

103. Rush specifically denies that the paragraph accurately reflects the website identified by plaintiffs, and is, thus, without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Complaint, and therefore denies the same.

104. Rush denies the allegations contained in paragraph 104 of the Complaint.

105. Rush admits that paragraph 105 quotes the webpage identified by plaintiffs, states that the contents of the website speak for themselves, and denies the remainder of the allegations contained in paragraph 105.

106. Rush admits that the paragraph quotes the webpage identified by plaintiffs, states that the contents of the website speak for themselves, and denies plaintiffs' characterization of the contents.

107. Rush denies that the quotation contained in paragraph 107 appears on the webpage identified by plaintiffs, and is, thus, without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in paragraph 107 of the Complaint, and therefore denies them.

108. Rush admits only that when a patient or member of the public clicks the "MyChart" button at www.rush.edu, Bidtellect receives data indicating that the requesting device visited https://mychart.rush.edu/mychart/Authentication/Login?. Rush denies the remaining allegations contained in paragraph 108 of the Complaint.

109. Rush denies the allegations contained in paragraph 109 of the Complaint.

110. Rush admits that IP addresses allow information to be sent between devices on the internet but is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 110 of the Complaint, and therefore denies them.

111. For its response to paragraph 111, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 111 of the Complaint, and therefore denies them.

112. For its response to paragraph 112, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 of the Complaint, and therefore denies them.

113. Rush denies the allegations contained in paragraph 113 of the Complaint.

114. Rush denies the allegations contained in paragraph 114 of the Complaint.

115. For its response to paragraph 115, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 115 of the Complaint, and therefore denies them.

116. For its response to paragraph 116, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 of the Complaint, and therefore denies them.

117. For its response to paragraph 117, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117 of the Complaint, and therefore denies them.

118. Rush denies the allegations contained in paragraph 118 of the Complaint.

119. Rush denies the allegations contained in paragraph 119 of the Complaint.

120. Rush denies the allegations contained in paragraph 120 of the Complaint.

121. Rush denies the allegations contained in paragraph 118 of the Complaint.

122. For its response to paragraph 122, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 122 of the Complaint, and therefore denies them.

123. For its response to paragraph 123, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123 of the Complaint, and therefore denies them.

124. For its response to paragraph 124, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124 of the Complaint, and therefore denies them.

125. For its response to paragraph 125, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125 of the Complaint, and therefore denies them.

126. Rush denies the allegations contained in paragraph 126 of the Complaint.

127. Rush denies the allegations contained in paragraph 127 of the Complaint.

128. For its response to paragraph 128, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 128 of the Complaint, and therefore denies them.

129. For its response to paragraph 129, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 129 of the Complaint, and therefore denies them.

130. Rush admits only that plaintiffs quote selected portions from "The GDPR and Browser Fingerprinting: How It Changes the Game for the Sneakiest Web Trackers," and further states that the contents of the article speak for themselves. Rush denies the remaining allegations contained in paragraph 130 of the Complaint.

131. Rush admits only that, as support for the allegations contained in paragraph 131, plaintiffs identify an article that purports to address browser fingerprinting techniques, and further states that the contents of the article speak for themselves. Rush denies plaintiffs' characterization of those article, and denies the remaining allegations contained in paragraph 131 of the Complaint.

132. Rush denies the allegations contained in paragraph 132 of the Complaint.

133. Rush denies the allegations contained in paragraph 133 of the Complaint.

134. Rush denies the allegations contained in paragraph 134 of the Complaint.

135. Rush admits only that plaintiffs quote a selected portion from the article titled "Property, Privacy, and Personal Data." Rush further states that the contents of that article speak for themselves, denies plaintiffs' characterization of that document, and denies the remaining allegations contained in paragraph 135 of the Complaint.

136. Rush admits that plaintiffs quote selected portions from the Ponemon Institute's document titled "Privacy and Security in a Connected Life: A Study of US Consumers," and further states that the contents of that document speak for themselves. Rush denies plaintiffs' characterization of that document, and denies the remaining allegations contained in paragraph 136 of the Complaint.

137. Rush denies the allegations contained in paragraph 137 of the Complaint.

138. Rush admits only that, as support for the allegations contained in paragraph 138, plaintiffs identify articles that purport to address the marketplace for de-identified health data, and further states that the contents of those articles speak for themselves. Rush denies plaintiffs' characterization of those articles, and denies the remaining allegations contained in paragraph 138 of the Complaint.

139. Rush denies the allegations contained in paragraph 139 of the Complaint.

140. Rush denies the allegations contained in paragraph 140 of the Complaint.

141. Rush denies the allegations contained in paragraph 141 of the Complaint.

142. Rush denies the allegations contained in paragraph 142 of the Complaint.

143. Rush denies the allegations contained in paragraph 143 of the Complaint.

144. Rush denies the allegations contained in paragraph 144 of the Complaint.

145. Rush admits only that plaintiffs quote selected portions from the *Guidance Regarding Methods for De-identification of Protected Health Information in Accordance with the Health Insurance Portability and Accountability Act Privacy Rule*, and further states that the contents of that Guidance speak for themselves. Rush denies the remaining allegations contained in paragraph 145 of the Complaint.

146. Rush admits only that plaintiffs quote selected portions from the guidance from the Department of Health and Human Services, and further states that the contents of that guidance speak for themselves. Rush denies the remaining allegations contained in paragraph 146 of the Complaint.

147. For its response to paragraph 147, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 147 of the Complaint, and therefore denies them.

148. Rush admits only that plaintiffs quote selected portions of the original Hippocratic Oath, that the contents of the original Hippocratic Oath speak for themselves, and denies the remaining allegations contained in paragraph 148 of the Complaint.

149. For its response to paragraph 149, Rush states that the contents of the modern Hippocratic Oath speak for themselves, and denies the remaining allegations contained in paragraph 149 of the Complaint.

150. For its response to paragraph 150 of the Complaint, Rush states that the American Medical Association's Code of Medical Ethics provisions speak for themselves and denies the remainder of the allegations contained in paragraph 150.

151. Rush admits that plaintiffs quote selected portions of the AMA's Code of Medical Ethics Opinion 3.2.1 and further states that the contents of that Opinion speak for themselves. Rush denies the remaining allegations contained in paragraph 151 of the Complaint.

152. Rush admits that plaintiffs quote selected portions of the AMA's Code of Medical Ethics Opinion 3.1.1 and further states that the contents of that Opinion speak for themselves. Rush denies the remaining allegations contained in paragraph 152 of the Complaint.

153. Rush admits that plaintiffs quote selected portions of the AMA's Code of Medical Ethics Opinion 3.2.4 and further states that the contents of that Opinion speak for themselves. Rush denies the remaining allegations contained in paragraph 153 of the Complaint.

154. Rush admits that plaintiffs quote selected portions of the AMA's Code of Medical Ethics Opinion 3.3.2 and further states that the contents of that Opinion speak for themselves. Rush denies the remaining allegations contained in paragraph 154 of the Complaint.

155. Rush denies the allegations contained in paragraph 155 of the Complaint.

156. For its response to paragraph 156, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 156 of the Complaint, and therefore denies them.

157. Rush denies the allegations contained in paragraph 157 of the Complaint.

158. Rush admits that its web properties include a hyperlink which sends patients, as well as the public, to a page titled "Web Privacy Statement," and further admits that paragraph 158 accurately captures the beginning of Rush's Web Privacy Statement.

159. Rush denies the allegations contained in paragraph 159 of the Complaint.

160. Rush admits only that plaintiffs quote selected portions of Rush's Web Privacy Statement found at https://www.rush.edu/web-privacy-statement, and further states that its contents speak for themselves. Rush denies plaintiffs' characterization of the identified statement, and denies the remaining allegations contained in paragraph 160 of the Compliant.

161. Rush admits only that plaintiffs quote a selected portion of Rush's Web Privacy Statement found at https://www.rush.edu/web-privacy-statement, and further states that its contents speak for themselves. Rush denies plaintiffs' characterization of the identified statements, and denies the remaining allegations contained in paragraph 161 of the Compliant.

162. Rush denies the allegations contained in paragraph 162 of the Complaint.

163. Rush denies the allegations contained in paragraph 163 of the Complaint.

164. Rush admits only that, as support for the allegations contained in paragraph 164, plaintiffs identify an article that purports to address internet user practices, and further states that the contents of that article speak for themselves. Rush denies plaintiffs' characterization of the article, and denies the remaining allegations contained in paragraph 164 of the Complaint.

165. Rush admits only that, as support for the allegations contained in paragraph 165, plaintiffs identify an article that purports to address the internet practices of Chief Justice Roberts, and further states that the contents of that article speak for themselves. Rush denies plaintiffs' characterization of that article, and denies the remaining allegations contained in paragraph 165 of the Complaint.

166. Rush admits only that, as support for the allegations contained in paragraph 166, plaintiffs identify an article that purports to address the internet user practices, and further states that the contents of that article speak for themselves. Rush denies plaintiffs' characterization of that article, and denies the remaining allegations contained in paragraph 165 of the Complaint.

167. Rush denies the allegations contained in paragraph 167 of the Complaint.

168. Rush admits only that it maintains Patient Privacy policies for each respective facility at https://www.rush.edu/patients-visitors/patient-privacy, and that these policies are available to both patients and the public from links originating at www.rush.edu. Rush denies the remaining allegations contained in paragraph 168 of the Complaint.

169. Rush denies the allegations contained in paragraph 169 of the Complaint.

170. Rush denies the allegations contained in paragraph 170 of the Complaint.

171. For its response to paragraph 171, Rush states that the allegations contained in paragraph 171 of the Complaint are legal conclusions requiring no response.

172. Rush admits only that plaintiffs quote selected portions from Rush's Notice of Privacy Practices, and further states that the contents of that webpage speak for themselves. Rush denies plaintiffs' characterization of the contents of that webpage, and denies the remaining allegations contained in paragraph 172 of the Complaint.

173. Rush denies the allegations contained in paragraph 173 of the Complaint.

**CLASS ACTION ALLEGATIONS**

174. Rush reinstates and incorporates paragraph 1 through 173 as if fully stated herein.

175. Rush admits that plaintiffs purport to bring this action on behalf of themselves and the proposed class identified in paragraph 175. Rush denies that this case can be maintained as a class action and denies the remaining allegations contained in paragraph 175 of the Complaint.

176. Rush denies that this case can be maintained as a class action regardless of how the purported class is defined and denies that plaintiffs or any putative class members are entitled to relief.

177. Rush denies the allegations contained in paragraph 177 of the Complaint.

178. Rush denies the allegations contained in paragraph 178 of the Complaint.

179. Rush denies the allegations contained in paragraph 179 of the Complaint.

180. Rush denies the allegations contained in paragraph 180 of the Complaint.

181. Rush denies the allegations contained in paragraph 181 of the Complaint.

182. Rush denies the allegations contained in paragraph 182 of the Complaint.

183. Rush denies the allegations contained in paragraph 183 of the Complaint.

184. Rush denies the allegations contained in paragraph 184 of the Complaint.

**COUNT I**

185. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 185 of the Complaint.

186. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 186 of the Complaint.

187. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 187 of the Complaint.

188. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 188 of the Complaint.

189. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 189 of the Complaint.

190. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 190 of the Complaint.

191. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 191 of the Complaint.

192. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 192 of the Complaint.

193. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 193 of the Complaint.

194. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 194 of the Complaint.

195. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 195 of the Complaint.

196. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 196 of the Complaint.

197. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 197 of the Complaint.

198. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 198 of the Complaint.

199. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 199 of the Complaint.

200. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 200 of the Complaint.

201. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 201 of the Complaint.

202. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 202 of the Complaint.

203. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 203 of the Complaint.

204. Pursuant to the order dated March 2, 2023, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 204 of the Complaint.

**COUNT II**

205. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 205 of the Complaint.

206. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 206 of the Complaint.

207. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 207 of the Complaint.

208. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 208 of the Complaint.

209. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 209 of the Complaint.

210. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 210 of the Complaint.

211. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 211 of the Complaint.

212. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 212 of the Complaint.

213. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 213 of the Complaint.

214. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 214 of the Complaint.

215. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 215 of the Complaint.

216. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 216 of the Complaint.

217. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 217 of the Complaint.

218. Pursuant to the order dated March 2, 2023, Count II is dismissed and there is no answer needed for the allegations contained in paragraph 218 of the Complaint.

**COUNT III**

219. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 219 of the Complaint.

220. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 220 of the Complaint.

221. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 221 of the Complaint.

222. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 222 of the Complaint.

223. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 223 of the Complaint.

224. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 224 of the Complaint.

225. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 225 of the Complaint.

226. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 226 of the Complaint.

227. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 227 of the Complaint.

228. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 228 of the Complaint.

229. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 229 of the Complaint.

230. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 230 of the Complaint.

231. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 231 of the Complaint.

232. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 232 of the Complaint.

233. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 233 of the Complaint.

234. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 234 of the Complaint.

235. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 235 of the Complaint.

236. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 236 of the Complaint.

237. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 237 of the Complaint.

238. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 238 of the Complaint.

239. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 239 of the Complaint.

240. Pursuant to the order dated March 2, 2023, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 240 of the Complaint.

**COUNT IV**

241. Rush reinstates and incorporates paragraph 1 through 184 as if fully stated herein.

242. For its response to paragraph 242, Rush states that the allegations contained in paragraph 242 of the Complaint are legal conclusions requiring no response. To the extent that a response is required, Rush denies the allegations contained in paragraph 242.

243. For its response to paragraph 243, Rush states that the allegations contained in paragraph 243 of the Complaint are legal conclusions requiring no response. To the extent that a response is required, Rush denies the allegations contained in paragraph 243.

244. For its response to paragraph 244, Rush states that the allegations contained in paragraph 244 of the Complaint are legal conclusions requiring no response. To the extent that a response is required, Rush denies the allegations contained in paragraph 244.

245. Rush denies the allegations contained in paragraph 245 of the Complaint.

246. Rush denies the allegations contained in paragraph 246 of the Complaint.

247. Rush denies the allegations contained in paragraph 257 of the Complaint.

248. Rush denies the allegations contained in paragraph 248 of the Complaint.

249. Rush denies the allegations contained in paragraph 249 of the Complaint.

250. Rush denies the allegations contained in paragraph 250 of the Complaint.

251. For its response to paragraph 251, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 251 of the Complaint, and therefore denies them.

252. Rush denies that plaintiffs are entitled to any of the relief they seek, and denies all allegations contained in paragraph 252 of the Complaint.

**COUNT V**

253. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 253 of the Complaint.

254. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 254 of the Complaint.

255. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 255 of the Complaint.

256. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 256 of the Complaint.

257. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 257 of the Complaint.

258. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 258 of the Complaint.

259. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 259 of the Complaint.

260. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 260 of the Complaint.

261. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 261 of the Complaint.

262. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 262 of the Complaint.

263. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 263 of the Complaint.

264. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 264 of the Complaint.

265. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 265 of the Complaint.

266. Pursuant to the order dated March 2, 2023, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 266 of the Complaint.

267. Rush denies that plaintiffs are entitled to any of the relief they seek within their request for relief, and denies all allegations contained in that unnumbered Wherefore paragraph.

268. Rush denies every allegation of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Rush asserts the following affirmative defenses with respect to plaintiffs' remaining claim contained in Count IV of the Complaint, without in any way intending to waive any additional affirmative defenses that Rush has or might have to the claims that were previously dismissed by the Court order dated March 3, 2023.

1. Plaintiffs' claim fails to state a claim on which relief can be granted.
2. Plaintiffs lack standing to sue and therefore the Court lacks subject matter jurisdiction over the Complaint.

3. Plaintiffs' claim is barred in whole or in part by the First Amendment to the United States Constitution.
4. Plaintiffs' claim is preempted by federal law, in whole or in part, to the extent that plaintiffs' claims relate to the MyChart patient portal.
5. Plaintiffs' claim may be barred in whole or in part by the doctrines of waiver, release, and/or consent.
6. Plaintiffs' claims are barred in whole or in part by Rush's objectively reasonable belief that Rush was not violating any other law through the misconduct alleged in their complaint.
7. Plaintiffs are barred from recovery under 815 ILCS 505/10 *et seq.*, because Rush did not engage in deceptive trade practices and/or any willful violation, and further because any allegedly misleading statements are and were not material.
8. Plaintiffs' claim and that of the putative class members is barred, in whole or in part, because they have failed to join necessary and indispensable parties to this action.
9. This case is improper for resolution on a class-wide basis because the putative class does not meet the requirements of Civil Rule 23.
10. Rush states that with discovery beginning and the aggregated nature of plaintiffs' claim, in particular with respect to absent putative class members, makes an analysis of all potential affirmative defenses that might be applicable to any given absent class member infeasible at this time, and therefore expressly reserves the right to assert additional affirmative defenses as the case progresses.

Dated: March 24, 2023

Respectfully submitted,

By: *<u>/s/ David Carney</u>*
*Counsel for Defendant Rush University System for Health*

Bonnie Keane DelGobbo
bdelgobbo@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 416-6200

David A. Carney
dcarney@bakerlaw.com
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 24, 2023, a true and correct copy of the foregoing Answer to Plaintiffs' Complaint was served on all counsel of record via the Court's electronic filing system.

/s/ *David Carney*
*Counsel for Defendant Rush University System for Health*