**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | Case No. 1:22-cv-05380 |
| v. | ) | The Honorable Matthew F. Kennelly, Judge |
| RUSH SYSTEM FOR HEALTH d/b/a RUSH UNIVERSITY SYSTEM FOR HEALTH, | ) | |
| Defendant. | ) | |

**DEFENDANT RUSH UNIVERSITY SYSTEM FOR HEALTH'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant Rush System for Health d/b/a Rush University System for Health respectfully moves the Court to dismiss Plaintiffs' First Amended Class Action Complaint (Dkt. No. 46) with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The grounds for this motion are set forth more fully in the accompanying memorandum in support, and can be synopsized as follows:

1. The Wiretap Act's tortious or criminal conduct exception does not apply to the allegations contained in plaintiffs' amended complaint.

2. The Court should still refuse to recognize plaintiffs' claim for alleged breach of an implied contractual duty of confidentiality under Illinois law.

3. Plaintiffs do not allege they were personally deceived or actual damages to state their Illinois Consumer Fraud Act claim.

4. Plaintiffs' alleged invasion of privacy injury is based on an alleged disclosure, not an intrusion, and plaintiffs do not allege publicity.

5. Plaintiffs do not allege trespass to chattels based on alleged transfers of their intangible personal data under Illinois law.

6. Plaintiffs do not allege breach of contract based on the MyChart patient portal terms and conditions, and breach of duty of good faith and fair dealing is not a standalone claim.

7. Plaintiffs have not adequately alleged detriment for their unjust enrichment claim, or that Rush is Google and Facebook's principal for their Illinois Eavesdropping Act claim.

8. Rush has made changes to Rush's website and plaintiffs' Illinois Deceptive Trade Practices Act claim should be dismissed for this reason as well.

Rush is available for oral argument on this motion to dismiss at the convenience of the Court.

Dated: April 28, 2023

Respectfully submitted,

By: /s/ David Carney
*Counsel for Defendant Rush University System for Health*

Bonnie Keane DelGobbo
bdelgobbo@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201

David A. Carney
dcarney@bakerlaw.com
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 28, 2023, a true and correct copy of the foregoing Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint was served on counsel of record via the Court's electronic filing system.

*/s/* David Carney
*Counsel for Defendants*