**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON, individually and on behalf of all others similarly situated, | ) | Case No. 1:22-cv-05380 |
| Plaintiffs, | ) | The Honorable Matthew F. Kennelly, Judge |
| v. | ) | |
| RUSH SYSTEM FOR HEALTH d/b/a RUSH UNIVERSITY SYSTEM FOR HEALTH, | ) | **RESPONSE TO SUR-REPLY BRIEF** |
| Defendant. | ) | |

Pursuant to Court order at Dkt. # 54 defendant Rush System for Health respectfully submits the following response to plaintiffs' sur-reply brief:

Plaintiffs do not dispute the basic point that the Ninth Circuit ultimately rejected as a matter of law the same Wiretap Act claim at issue in the *Planned Parenthood* district court case plaintiffs cited in their opposition brief to Rush's motion to dismiss. *Planned Parenthood Fed. of Am., Inc. v. Newman*, 51 F.4th 1125, 1130 (9th Cir. 2022) ("We affirm the awards of compensatory and punitive damages, but we reverse the jury's verdict on the Federal Wiretap Act claim and vacate the related statutory damages for violating the Federal Wiretap Act.").

Rather, plaintiffs claim this reversal did not affect the portion of the district court opinion plaintiffs cited in their brief. (Dkt. # 55, Sur-Reply at 2.) The converse of that principle is also true, however: the appellate court did not sanction the theory that an alleged purpose to create a state law privacy violation is enough for the exception to apply. *See Planned Parenthood v. Center for Med. Progress*, 214 F. Supp. 3d 808, 828 (N.D. Cal. 2016); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1067 (N.D. Cal. 2021) (same, including intrusion upon seclusion). Moreover, plaintiffs

engage in the same "circular reasoning" (Dkt. # 55, Sur-Reply at 2), that the Ninth Circuit rejected for at least one of their other theories as to why the exception should apply. (Dkt. # 51, Opp. Br. at 4 ("the DTPA violation also satisfies the exception-to-the-exception because the conduct which gives rise to the claim matches the intended purpose for the interceptions").)

Rush can accept the basic premise of plaintiffs' sur-reply—that the *Planned Parenthood* and *Brown* decisions are not "flawed" by the ultimate *Planned Parenthood* reversal at the Ninth Circuit (Dkt. # 55, Sur-Reply at 2)—but it still would not help plaintiffs here. The dispositive issue on plaintiffs' Wiretap Act claim remains the fact that under the most relevant authorities, including the Seventh Circuit's opinion in *Desnick v. American Broadcasting Companies, Inc.*, 44 F.3d 1345, 1353-54 (7th Cir. 1995), the tortious or criminal conduct exception to the Wiretap Act does not apply as a matter of law to the factual allegations made in plaintiffs' amended complaint (Dkt. # 50, Mem. in Supp. 2-5; Dkt. # 52, Rep. Br. 1-3), just as it did not apply as a matter of law to the factual allegations made in plaintiffs' initial complaint (Dkt. # 30, Mem. Opin. & Ord. 9-10).

Dated: June 16, 2023

Respectfully submitted,

By: /s/ David Carney
*Counsel for Defendant Rush System for Health*

Bonnie Keane DelGobbo
bdelgobbo@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
Firm No. 46365

David A. Carney
dcarney@bakerlaw.com
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on June 16, 2023, a true and correct copy of the foregoing Response to Sur-Reply Brief was served on counsel of record via the Court's electronic filing system.

*/s/* David Carney
*Counsel for Defendant Rush System for Health*