UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON on behalf of themselves and all others similarly situated<br><br>Plaintiffs<br><br>vs.<br><br>RUSH SYSTEM FOR HEALTH D/B/A RUSH UNIVERSITY SYSTEM FOR HEALTH<br><br>Defendant | CASE NO. 22 Civ. 5380<br><br>HON. JUDGE MATTHEW F. KENNELLY |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this response to the Notice of Supplemental Authority (the "Notice") filed by Defendant Rush System for Health ("Rush") on July 13, 2023, attaching a decision from the Seventh Circuit in *Dinerstein v. Google, LLC*, --- F.4th ----, 2023 WL 4446475 (7th Cir. July 11, 2023). Given that *Dinerstein* presented the polar opposite facts and issues to this case, its application is inapposite and supplemental briefing is unnecessary.

The plaintiffs in *Dinerstein* brought claims against Google for its receipt of ***anonymized*** health information pursuant to a medical research partnership with University of Chicago that aimed to further patient care which prohibited Google from attempting to identify any patient to whom the health information belonged. *Dinerstein*, 2023 WL 4446475, at *1. The plaintiffs' claims were founded on a future potential harm that Google would breach its agreement with the health care provider and reidentify the data. Google challenged the plaintiffs' standing and the Seventh Circuit agreed that the plaintiffs' asserted injury was too "speculative and implausible"

because it relied on a mere possibility that Google would reidentify the anonymized patient data. *Dinerstein*, 2023 WL 4446475, at *8.

In holding that the *Dinerstein* plaintiffs lacked standing, the Seventh Circuit stated it saw "no reason to disturb the judge's decision not to recognize a novel claim for breach of medical confidentiality." *Dinerstein*, 2023 WL 4446475, at *8 at n.4. Rush's Notice cherry-picks this dicta but fails to recognize the context in which it was made. Specifically, the Seventh Circuit explicitly stated that it was considering "a public-disclosure tort premised on the dissemination of ***anonymized*** information." *Id.* at *6 (emphasis in original).

Plaintiffs' case here is the inverse of the facts in *Dinerstein*—Plaintiffs bring claims for Rush's unauthorized disclosures of protected health information to third-parties like Google and Facebook for the very purpose of allowing these third parties to identify Plaintiffs for marketing purposes. Unlike the plaintiffs in *Dinerstein*, Plaintiffs' claims here do not involve anonymized data, but rather identifiable protected health information. *See, e.g.*, First Amended Complaint (Dkt 46) at ¶ 7 (alleging Rush "disclos[ed] personally identifiable patient data and re-directing and disclosing the content of patient communications to third parties without patient knowledge [or] consent . . . .").

The Seventh Circuit's musings in *Dinerstein* about the availability of tort remedies for disclosure of anonymized data therefore have no relevance here. *See Dinerstein*, 2023 WL 4446475, at *6 (expressing skepticism "that *this alleged factual scenario* would give rise to any injury") (emphasis added); *id.* at n.2 ("Nor has Dinerstein identified a case in which a court has permitted a plaintiff to bring the novel claim of breach of medical confidentiality *in circumstances like these.*") (emphasis added). In short, the affirmance on standing grounds of a decision cited by

Rush in its motion to dismiss briefing is of no consequence, and there is no need for the supplemental briefing that Rush suggests.

Respectfully Submitted,

Dated: July 14, 2023

*/s/ Corban S. Rhodes*

DICELLO LEVITT LLC
Adam J. Levitt
Amy E. Keller
Nada Djordjevic
Sharon Cruz
Ten North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Tel.: (312) 214-7900
Fax.: (312) 253-1443
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
scruz@dicellolevitt.com

DICELLO LEVITT LLC
David A. Straite (*pro hac vice* forthcoming)
Corban Rhodes (*pro hac vice* forthcoming)
485 Lexington Ave., 10th Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax.: (646) 494-9648
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

Jason 'Jay' Barnes (*pro hac vice* to be submitted)
Eric Johnson (*pro hac vice* to be submitted)
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016-7416
(212) 784-6400
(212) 213-5949 (FAX)
jaybarnes@simmonsfirm.com
ejohnson@simmonsfirm.com

***Counsel for Plaintiffs and the Proposed Class***