**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | Case No. 1:22-cv-05380 |
| v. | ) | |
| | ) | The Honorable Matthew F. Kennelly, Judge |
| RUSH SYSTEM FOR HEALTH d/b/a RUSH UNIVERSITY SYSTEM FOR HEALTH, | ) | |
| Defendant. | ) | |

**DEFENDANT RUSH SYSTEM FOR HEALTH'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

Plaintiffs conclude their second motion for leave to amend with the following statement: "In the event that the Court decides not to grant leave to amend, Plaintiffs respectfully request that the Court certify the issue for interlocutory appeal to the Seventh Circuit Court of Appeals." (Dkt. # 67, Mot. for Leave at 10.)

Rush agrees with plaintiffs that the next appropriate forum for this case is the Seventh Circuit Court of Appeals, to the extent plaintiffs wish to take that route. Rush believes this change of venue is appropriate not through any certification, however, but because plaintiffs' motion for leave to amend should be denied in its entirety, and, for the reasons explained in this motion, the Court should enter judgment on the two remaining claims in their first amended complaint, for alleged breach of contract and alleged violation of the Illinois Eavesdropping Act. (*See* Dkt. # 46, 1st Am. Compl. ¶¶ 427-440 (contract); *id.* at ¶¶ 462-479 (Eavesdropping Act).) Specifically, plaintiffs have failed to allege actual damages under Illinois law for their breach of contract claim, and have also failed to allege facts to show they are entitled to relief under the Illinois Eavesdropping Act's civil remedies provision.

### A. STANDARD OF REVIEW.

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party is entitled to judgment as a matter of law." *Centre PC v. Auctus Group*, 2023 WL 5854398, at *2 (N.D. Ill. Sept. 10, 2023) (internal ellipsis omitted, quoting *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017)).

"The standard for assessing such a motion is the equivalent of that used in considering a motion to dismiss for failure to state a claim." *Id.* "Specifically, to survive a motion for judgment on the pleadings, the complaint must 'state a claim that is plausible on its face.'" *Id.* (quoting *ADM All. Nutr., Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 746 (7th Cir. 2017)); *Phil. Indem. Ins. Co. v. Lewis Prod. Mkt. No. 2 Inc.*, 2022 WL 1045640, at *2 (N.D. Ill. Apr. 7, 2022) (same).

### B. PLAINTIFFS FAIL TO ALLEGE ACTUAL DAMAGES ON THEIR CONTRACT CLAIM.

Under Illinois law, "[d]amages are an essential element of a breach of contract action and a claimant's failure to prove damages entitles the defendant to judgment as a matter of law." *In re Illinois Bell Telephone Link-Up II*, 2013 IL App (1st) 113349, ¶ 19; *see also CaramelCrisp, LLC v. Putnam*, 2023 WL 422892, at *4 (N.D. Ill. Jan. 26, 2023) (holding that "Illinois courts require a showing of actual damages to maintain a claim for breach of contract"); *Krown 1 FZC v. Crane Worldwide Logistics*, 2021 WL 1212797, at *6-7 (N.D. Ill. Mar. 31, 2021) (same).

As the Seventh Circuit has likewise held: "Illinois law is clear that, to state a claim for breach of contract, one must be able to prove actual damage." *TAS Distributing Co. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 631 n. 6 (7th Cir. 2007). Thus also, "[m]erely showing that a contract has been breached without demonstrating actual damage does not suffice, under Illinois law, to state a claim for breach of contract." *Id.* at 631.

The parties and the Court have expended significant resources in this case briefing and deciding the numerous damages theories set forth in plaintiffs' initial complaint and in particular plaintiffs' amended complaint. (Dkt. # 22, Rush Mem. in Supp. 15-16; Dkt. # 25, Opp. Br. at 15-16 ("**Plaintiffs Allege Actual Pecuniary Loss**") (emphasis in original); Dkt. # 28, Rush Rep. Br. at 11-12; Dkt. # 31, Mem. Op. & Ord. at 16-17 ("An individual suing under the ICFA must 'plead that the deceptive or unfair act caused her to suffer actual damages, meaning pecuniary loss.'") (quoting *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 647 (7th Cir. 2019)); Dkt. # 50, Rush Mem. in Supp. at 8-9, 16-17; Dkt. # 51, Opp. Br. at 12-13, 17-18; Dkt. # 52, Rep. Br. at 6-8, 12-13; Dkt. # 60, Mem. Op. & Ord. at 11-14).)

The Court ultimately rejected them as being sufficient to state a claim for actual damages under the Illinois Consumer Fraud Act, concluding as follows: "In sum, because Kurowski does not plausibly allege a monetary loss, she cannot state a claim under the ICFA." (Dkt. # 60, Mem. Op. & Ord. at 14; *see also* Dkt. # 31, Mem. Op. & Ord. at 16-17 (same).)

This holding precludes plaintiffs' breach of contract claim as a matter of law in their first amended complaint. This is so because "[t]he basic theory of damages in a breach of contract action requires that a plaintiff 'establish an actual loss or measurable damages resulting from the breach in order to recover.'" *In re Illinois Bell Telephone Link-Up II*, 2013 IL App (1st) 113349, ¶ 19 (quoting *Avery v. State Farm Mutual Auto. Ins. Co.*, 216 Ill.2d 100, 149 (2005)).

Thus also, as numerous courts have held, including the Illinois Supreme Court, plaintiffs' breach of contract claim should rise—and here also fall—with the Court's prior, considered actual damages analysis on their Illinois Consumer Fraud Act claim. *See, e.g.*, *Avery*, 216 Ill.2d at 145-154, 195-198 (rejecting Consumer Fraud Act damages for same reason as breach of contract; "As explained in our discussion of plaintiffs' breach of contract count, specification

damages are not, in fact, real or measurable damages and, hence, in no way constitute 'actual damage' withing the meaning of the Act."); *Antonicic v. HSBC Bank USA, N.A.*, 2020 WL 1503201, at *2 (N.D. Ill. Mar. 27, 2020) (holding plaintiffs' breach of contract and Illinois Consumer Fraud Act claims failed to allege actual damages without independent analysis; "To state a claim for breach of contract under Illinois law or for violation of the ICFA, a plaintiff allege he or she suffered actual, pecuniary damage."); *Florodora, Inc. v. Claris Int'l Inc.*, 2020 WL 2468195, at *3-4 (N.D. Ill. May 13, 2020) (same; "In short, because Plaintiff fails to plausibly plead that it suffered harm, its first amended complaint fails in its entirety.").

### C. PLAINTIFFS FAIL TO ALLEGE THEIR ENTITLEMENT TO A CIVIL REMEDY UNDER THE ILLINOIS EAVESDROPPING ACT.

The analysis is different but the result should be the same for plaintiffs' claim under the Illinois Eavesdropping Act. (Dkt. # 46, 1st Am. Compl. ¶¶ 462-479.) The Eavesdropping Act provides "Civil remedies to injured parties." 720 ILCS 5/14-6. Pursuant to this provision, "[a]ny or all parties to any conversation or electronic communication upon which eavesdropping is practiced contrary to this Article shall be entitled to the following remedies: (a) To an injunction by the circuit court prohibiting further eavesdropping by the eavesdropper and by or on behalf of his principal, or either; (b) To all actual damages against the eavesdropper or his principal or both; (c) To any punitive damages which may be awarded by the court or by a jury." *Id.*

To begin with punitive damages first: "Illinois like most states does not recognize a cause of action for punitive damages alone; the plaintiff can only be awarded punitive damages where actual damage is shown." *Florsheim v. Travelers Indem. Co. of Ill.*, 75 Ill. App. 3d 298, 309-310 (1st Dist. 1979) (internal citation omitted); *see also By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956, 961 (7th Cir. 1982) (Posner, J.) (applying this rule to claim under the Eavesdropping Act); *Mitchell v. Elrod*, 275 Ill. App. 3d 357, 362 (1st Dist. 1995) (holding it was "legally inconsistent

for the jury to award punitive damages but no compensatory damages"; "A long line of cases has held that punitive damages may not be recovered in the absence of compensatory damages.").

Thus, plaintiffs' claim for punitive damages under the Illinois Eavesdropping Act also is dependent on their ability to state a claim for actual damages under the statute. *McDonald's Corp. v. Levine*, 108 Ill. App. 3d 732, 738-739 (2d Dist. 1982) (holding "[t]he three civil remedies to an injured party are not a statutory penalty but a codification of the traditional common-law remedies afforded to anyone whose rights have been tortiously violated").

The Supreme Court has noted that the term "actual damages" has a "chameleon-like quality" in the statutory context, *F.A.A. v. Cooper*, 566 U.S. 284, 294 (2012), and thus also can change "with the specific statute in which it is found," *id.* at 292 (quotation omitted); *see also Doe v. Chao*, 540 U.S. 614, 621-22 (2004) (analyzing actual damages under the federal Privacy Act). Rush is thus not arguing the Court's actual damages analysis under the Illinois Consumer Fraud Act controls the outcome of the same analysis under the Illinois Eavesdropping Act. That being said, what does control here is this: plaintiffs' factual allegations.

Throughout the entirety of plaintiffs' first amended complaint, plaintiffs seek the same alleged "actual damages" on each one of their claims. (*See* 1st Am. Compl. ¶¶ 139-147 (alleged lost value of personal information); *id.*, ¶¶ 238-247 (alleged "property interests in their individually identifiable health information"); *id.*, ¶¶ 248-250 (alleged lost "benefit of the bargain"); *id.*, ¶¶ 250-271 (alleged "overpayment" for health care services).)

As the Court has previously found, plaintiffs do not sufficiently allege how any of these claimed damages are actual as to them, personally. (Dkt. # 60, Mem. Op. & Ord. at 14; *see also* Dkt. # 31, Mem. Op. & Ord. at 16-17 (same).) Thus also, the Court's prior holding on this point should also apply to plaintiffs' claim for actual damages under the Illinois Eavesdropping Act.

*See also, e.g.*, *Media Logic USA, LLC v. Prinova US, LLC*, 76 Misc.3d 1218(A), at *13-14 (N.Y. Sup. Ct. Albany Cty. Sept. 7, 2022) (dismissing Eavesdropping Act counterclaim for lack of damages; "Prinova's inability to identify any damages flowing from the alleged eavesdropping provides an alternative ground for dismissal"); *compare Martin v. Asset Acceptance, LLC*, 2012 WL 3042524, at *2 (N.D. Ill. July 25, 2012) (dismissing actual damages claim under the Fair Credit Reporting Act; "After already providing one opportunity to amend the complaint, I am left to conclude that no actual damages exist, and I grant the defendant's motion to dismiss parts of Count I and II relying upon a claim for negligent noncompliance under § 1681***o***.").

Finally, as to injunctive relief, the Court initially allowed this claim to proceed forward to discovery. (Dkt. # 31, Mem. Op. & Ord. at 17-18.) Plaintiffs chose not to pursue this claim, instead seeking leave to file this complaint. (Dkt. # 37, Mot. for Leave.) As the Court recognized in its second opinion and order, plaintiffs have not adequately alleged their claim for injunctive relief, when Rush has now concededly changed its website practices in response to the Office of Civil Rights guidance, whether agree with that guidance or not. (Dkt. # 60, Mem. Op. & Ord. at 15-16.)

As the Court concluded: "Kurowski has not plausibly alleged that she and other similarly situated Rush patients face future harm via their continued use of Rush web properties, which dooms her claim for injunctive relief under the DTPA." (*Id.*, at pg. 16.)

**CONCLUSION**

For the above-stated reasons, the Court should enter judgment on plaintiffs' claims for breach of contract and for alleged violation of the Illinois Eavesdropping Act.

Dated: October 10, 2023

Respectfully submitted,

By: /s/ David Carney
*Counsel for Defendant Rush System for Health*

Bonnie Keane DelGobbo
bdelgobbo@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
Firm No. 46365

David A. Carney
dcarney@bakerlaw.com
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 10, 2023, a true and correct copy of the foregoing *Motion for Judgment on the Pleadings* was served on counsel of record via the Court's electronic filing system.

*/s/* David Carney
*Counsel for Defendant*