**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON, individually and on behalf of all others similarly situated, | ) | Case No. 1:22-cv-05380 |
| Plaintiffs, | ) | The Honorable Matthew F. Kennelly, Judge |
| v. | ) | |
| RUSH SYSTEM FOR HEALTH d/b/a RUSH UNIVERSITY SYSTEM FOR HEALTH, | ) | **RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| Defendant. | ) | |

Plaintiffs cite the court's decision in *Cousin v. Sharp Healthcare*, 2023 WL 8007350 (S.D. Cal. Nov. 17, 2023), as supplemental authority in support of their second motion for leave. (Dkt. # 78 & Ex. A.) Plaintiffs note that Rush had cited the initial decision from *Sharp* in Rush's opposition brief to plaintiffs' second motion. (*Id.* at 1.) Apart from that, however, plaintiffs do not connect this supplemental citation to the viability of any of their alleged claims that are presently pending before the Court. (*Id.* at 2.)

There is good reason for this omission: the claims that survived dismissal in *Sharp* were intrusion upon seclusion under California common law, a claim which plaintiffs no longer assert under Illinois law here, *see Sharp*, 2023 WL 8007350, at *3; a California Constitution invasion of privacy claim, *id.* at *3-4; a California statutory claim under the California Confidential Medical Information Act, *id.* at *4; and, finally, a claim for alleged violation of the California Invasion of Privacy Act (CIPA), where California law, unlike federal law, sets forth a two-party consent rule, *id.* at *5 (interception prohibited "without the consent of all parties to the communication") (quoting Cal. Pen. Code § 631(a)). The parties did not raise, and thus also the court did not address, the tortious or criminal conduct exception to the one-party consent rule under 18 U.S.C. § 2511(2)(d). *Cf. id.* at *5 (analyzing statutory "contents" requirement).

Plaintiffs may be citing the case for its HIPAA analysis. *Id.* at *3. Again, however, this begs the threshold question: Why should it matter to plaintiffs' federal Wiretap Act claim that, with the benefit of hindsight, plaintiffs may now be able to show that Rush should have known on October 24, 2019, when plaintiff Kurowski allegedly visited Rush's website (*see* Prop. 2d Am. Compl. ¶ 79, *filed under seal*), or on the numerous undisclosed times when plaintiff McClendon allegedly visited Rush's website (*id.*, ¶ 75), before there was any regulatory guidance on this point, that it may turn out that a plaintiff in litigation may be able to prove that Rush should have known that its actions violated HIPAA at that time, even based on the existing regulatory guidance? Rush respectfully submits that this is not the purpose for the tortious or criminal conduct exception to the federal Wiretap Act under federal law. (Dkt. # 73, Opp. Br. at 7-8.)

The Court should deny plaintiffs' second motion for leave and enter judgment on their remaining two claims.

Dated: November 27, 2023

Respectfully submitted,

By: */s/ David Carney*
*Counsel for Defendant Rush System for Health*

Bonnie Keane DelGobbo
bdelgobbo@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
Firm No. 46365

David A. Carney
dcarney@bakerlaw.com
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on November 27, 2023, a true and correct copy of the foregoing *Response to Notice of Supplemental Authority* was served on counsel of record via the Court's electronic filing system.

*/s/ David Carney*
*Counsel for Defendant Rush System for Health*