**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUSH SYSTEM FOR HEALTH d/b/a RUSH UNIVERSITY SYSTEM FOR HEALTH,<br><br>Defendant. | Case No. 1:22-cv-05380<br><br>The Honorable Matthew F. Kennelly, Judge<br><br>**DEFENDANT RUSH SYSTEM FOR HEALTH'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

For its answer to plaintiffs Marguerite Kurowski's and Brenda McClendon's Second Amended Complaint (hereafter, "Complaint"), defendant Rush System for Health d/b/a Rush University System for Health states as follows:

**NATURE OF THE ACTION**

1. Rush denies the allegations contained in paragraph 1 of the Complaint.

2. For its response to paragraph 2, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, and therefore denies the same.

3. Rush denies the allegations contained in paragraph 3 of the Complaint.

4. Rush denies the allegations contained in the text of paragraph 4 of the Complaint. Rush admits that the source code on Rush's alleged web properties has changed, and denies the remainder of the allegations contained in footnote 1 of paragraph 4.

5. Rush denies the allegations contained in paragraph 5 of the Complaint.

6. For its response to paragraph 6, Rush admits that plaintiffs' Complaint purports to assert the claims listed in paragraph 6, and denies the remainder of the allegations contained therein.

7. Rush denies the allegations contained in paragraph 7 of the Complaint.

## PARTIES TO THE ACTION

8. Rush admits that plaintiff Marguerite Kurowski is a Rush patient, is without knowledge or information sufficient to form a belief as to whether she resides in Will County, and denies the remainder of the allegations in paragraph 8.

9. Rush admits that plaintiff Brenda McClendon is a Rush patient, is without knowledge or information sufficient to form a belief as to whether she resides in Cook County, and denies the remainder of the allegations in paragraph 9.

10. Rush admits that Rush System for Health d/b/a Rush University System for Health is an Illinois non-profit corporation headquartered in Chicago, and denies the remainder of the allegations in paragraph 10.

## JURISDICTION AND VENUE

11. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11, and therefore denies the same.

12. Rush admits the allegations contained in paragraph 12 of the Complaint.

13. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13, and therefore denies the same.

14. Rush admits the allegations contained in paragraph 14 of the Complaint.

15. Rush admits the allegations contained in paragraph 15 of the Complaint.

## FACTUAL ALLEGATIONS

16. Rush admits that it maintains the web properties found at www.rush.edu and mychart.rush.edu for both its patients and the public and admits that mychart.rush.edu allows individuals to log-in to an online MyChart patient portal. Rush further admits that both patients and the public may use the identified web properties to obtain information regarding services offered, providers available, and bill payment. Rush states that the contents of its web properties speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Rush is without knowledge or information sufficient to form a belief as to what plaintiffs mean by "actively encourages," and therefore denies the allegations contained in paragraph 17 of the Complaint.

18. For its response to paragraph 18, Rush admits that plaintiffs are patients of Rush and have signed up for the MyChart patient portal.

19. Rush denies the allegations contained in paragraph 19 of the Complaint.

20. Rush denies the allegations contained in paragraph 20 of the Complaint.

21. Rush is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21, and therefore denies the same.

22. Rush denies the allegations contained in paragraph 22 of the Complaint.

23. Rush admits that paragraph 23 accurately captures Rush's homepage found at www.rush.edu, that the homepage includes toggles for "Find a Doctor" and "Find a Location," that the "Find a Doctor" toggle includes a prompt to search by "Condition, treatment, specialty, or doctor name," and that the banner includes links captioned "Schedule Appointment," "Pay Bill," and "MyChart." Rush further states the contents of Rush's

website speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Rush admits that it maintains a patient portal and that MyChart's capabilities for logged-in-users include "communicate with your care team," "access your test results, and "manage your appointments." Rush further states that the contents of its website speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Rush admits that patients can log into Rush's MyChart patient portal from links accessible on https://mychart.rush.edu, and denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Rush denies the allegations contained in paragraph 26 of the Complaint.

27. Rush denies the allegations contained in paragraph 27 of the Complaint.

28. Rush admits that it uses the "MyRush powered by MyChart" website and mobile application, and that both are part of a software system designed and licensed to Rush by Epic. Rush denies the remaining allegations contained in paragraph 28 of the Complaint.

29. Rush admits that Epic is a privately owned health care software company. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 29 of the Complaint, and therefore denies them.

30. Rush admits that plaintiffs quote a selected portion of Rush's MyChart Frequently Asked Questions, available at https://mychart.rush.edu/MyChart/Authentication/Login?mode=stdfile&option=faq#AB_4. Rush states that the contents of that webpage speak for themselves, denies plaintiffs'

characterization of the contents, and denies the remaining allegations contained in paragraph 30 of the Complaint.

31. Rush admits that plaintiffs quote a selected portion from the article "Pixel Hunt: Facebook is Receiving Sensitive Medical Information from Hospital Websites," and further states that the contents of that article speak for themselves. Rush denies plaintiffs' characterization of that article, and denies the remaining allegations contained in paragraph 31 of the Complaint.

32. Rush denies the allegations contained in paragraph 32 of the Complaint.

33. Rush is without knowledge or information sufficient to form a belief as to what plaintiffs means by "actively encourages," and therefore denies the allegations contained in paragraph 33 of the Complaint.

34. Rush denies the allegations contained in paragraph 34 of the Complaint.

35. Rush denies the allegations contained in paragraph 35 of the Complaint.

36. Rush denies the allegations contained in paragraph 36 of the Complaint. Rush further denies that Appendix A to the Complaint contains examples of content of communications that Meta intercepted for plaintiffs and absent class members, and allegations contained therein.

37. Rush denies the allegations contained in paragraph 37 of the Complaint.

38. Rush denies the allegations contained in paragraph 38 of the Complaint.

39. Rush denies the allegations contained in paragraph 39 of the Complaint.

40. Rush denies the allegations contained in paragraph 40 of the Complaint.

41. Rush denies the allegations contained in paragraph 41 of the Complaint.

42. Rush denies the allegations contained in paragraph 42 of the Complaint.

43. Rush denies the allegations contained in paragraph 43 of the Complaint.

44. Rush denies the allegations contained in paragraph 44 of the Complaint.

45. Rush denies the allegations contained in paragraph 45 of the Complaint.

46. For its response to paragraph 46, Rush admits that a web browser is an application software that can be used for accessing the internet, and denies the remaining allegations contained in paragraph 46 of the Complaint.

47. For its response to paragraph 47, Rush states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint.

48. For its response to paragraph 48, Rush admits that GET is an HTTP request method that can be used by web browsers and admits that the paragraph accurately captures the web address cited by plaintiffs. Rush further admits that "GET/treatments/birth-control HTTP/1.1" is the GET request for accessing www.rush.edu/treatments/birth-control. Rush denies the remaining allegations contained in paragraph 48 subject to the fact they contain a hypothetical.

49. Rush admits that paragraph 49 purports to show images from the MyChart patient portal and the MyChart patient portal log-in page, and denies the allegations contained in paragraph 49 of the Complaint.

50. For its response to paragraph 50, Rush admits that POST is an HTTP request method that can be used by web browsers but is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the hypothetical allegations contained in paragraph 50 of the Complaint, and therefore denies them.

51. Rush denies the allegations contained in paragraph 51 of the Complaint.

52. Rush denies the allegations contained in paragraph 52 of the Complaint.

53. For its response to paragraph 53, Rush states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint, and therefore denies them.

54. For its response to paragraph 54, Rush states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint, and therefore denies them.

55. For its response to paragraph 54, Rush states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint, and therefore denies them.

56. Rush admits that plaintiffs quote selected audio from a video on YouTube, and further states that the contents of the YouTube video speak for themselves. Rush denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 56 of the Complaint.

57. Rush admits that it has used Google Tag Manager on Rush web properties and denies the remaining allegations contained in paragraph 57 of the complaint.

58. For its response to paragraph 58, Rush states that the contents of plaintiffs' diagram speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in the paragraph.

59. Rush denies the allegations contained in paragraph 59 of the Complaint.

60. Rush denies the allegations contained in paragraph 60 of the Complaint.

61. For its response to paragraph 61, Rush states that the contents of plaintiffs' diagram speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 61 of the Complaint.

62. For its response to paragraph 62, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint, and therefore denies them.

63. Rush denies the allegations contained in paragraph 63 of the Complaint.

64. Rush admits that plaintiffs accurately depict Rush's web property at www.rush.edu, that the web property is accessible to patients and the public, and that www.rush.edu contains links, including those captioned "Schedule Your Appointment Now" and "Pay Bill." Rush denies the remaining allegations contained in paragraph 64 of the Complaint.

65. Rush denies the allegations contained in paragraph 65 of the Complaint.

66. For its response to paragraph 66, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Complaint, and therefore denies them.

67. Rush denies the allegations contained in paragraph 67 of the Complaint.

68. Rush denies the allegations contained in paragraph 68 of the Complaint.

69. Rush denies the allegations contained in paragraph 69 of the Complaint.

70. Rush denies the allegations contained in paragraph 70 of the Complaint.

71. Rush denies the allegations contained in paragraph 71 of the Complaint.

72. Rush denies the allegations contained in paragraph 72 of the Complaint.

73. For its response to paragraph 73, Rush states that the allegations contained in paragraph 73 of the Complaint contain a hypothetical, that Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the Complaint, and therefore Rush denies them.

74. For its response to paragraph 74, Rush states that the allegations contained in paragraph 74 of the Complaint contain a hypothetical, that Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Complaint, and therefore Rush denies them.

75. Rush is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Complaint, and therefore denies the same in their entirety, including those contained in footnote 5.

76. Rush is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Complaint, and therefore denies the same in their entirety.

77. Rush denies the allegations contained in paragraph 77 of the Complaint.

78. Rush denies the allegations contained in paragraph 78 of the Complaint.

79. Rush is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the Complaint, and therefore denies the same in their entirety.

80. Rush admits that paragraph 80 accurately depicts the webpage found at https://www.rush.edu/schedule-your-medical-appointment-rush, and states that the contents of this webpage speak for themselves. Rush denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 80 of the Complaint.

81. Rush denies the allegations contained in paragraph 81 of the Complaint.

82. Rush denies the allegations contained in paragraph 82 of the Complaint.

83. Rush denies the allegations contained in paragraph 83 of the Complaint.

84. Rush denies the allegations contained in paragraph 84 of the Complaint.

85. Rush admits that Google is among the world's largest data companies and that it operates Google, Gmail, YouTube, Google Maps, Google Analytics and Chrome. Rush further admits that Google operates Google DoubleClick and Google AdWords. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 85 of the Complaint, and therefore denies them.

86. Rush admits that plaintiffs quote selected portions from the article "Who Has More of Your Personal Data than Facebook? Try Google," and further states that the contents of that article speak for themselves. Rush denies plaintiffs' characterization of that article, and denies the remaining allegations contained in paragraph 86 of the Complaint.

87. For its response to paragraph 87, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint, and therefore denies them.

88. Rush admits that plaintiffs quote selected portions from Google's website, and further states that the contents of Google's websites speak for themselves. Rush denies plaintiffs' characterization of Google's websites, and denies the remainder of the allegations contained in paragraph 88 of the Complaint.

89. Rush is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the Complaint, and therefore denies the same in their entirety.

90. Rush is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Complaint, and therefore denies the same in their entirety.

91. Rush denies the allegations contained in paragraph 91 of the Complaint.

92. Rush denies that all of the selected quotes within paragraph 92 are found at the website identified by plaintiffs, and is, thus, without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Complaint, and therefore denies them.

93. Rush denies that all of the selected quotes within paragraph 93 are found at the website identified by plaintiffs, and is, thus, without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Complaint, and therefore denies them.

94. Rush admits that plaintiffs quote selected portions from Google's support website, and further states that the contents of Google's websites speak for themselves. Rush denies plaintiffs' characterization of Google's websites, and denies the remainder of the allegations contained in paragraph 94 of the Complaint.

95. Rush denies the allegations contained in paragraph 95 of the Complaint.

96. Rush denies the allegations contained in paragraph 96 of the Complaint.

97. Rush denies the allegations contained in paragraph 97 of the Complaint.

98. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 98, and therefore denies the same.

99. For its response to paragraph 99, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the Complaint, and therefore denies them.

100. For its response to paragraph 100, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 100 of the Complaint, and therefore denies them.

101. For its response to paragraph 101, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of the Complaint, and therefore denies them.

102. For its response to paragraph 102, Rush admits that plaintiffs quote the image contained in the paragraph, states that the contents of that image speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 94 of the Complaint.

103. For its response to paragraph 103, Rush states that the contents of the image contained in the paragraph speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 103 of the complaint.

104. Rush denies the allegations contained in paragraph 104 of the Complaint.

105. Rush denies the allegations contained in paragraph 105 of the Complaint.

106. Rush denies the allegations contained in paragraph 106 of the Complaint.

107. Rush denies the allegations contained in paragraph 107 of the Complaint.

108. Rush denies the allegations contained in paragraph 108 of the Complaint.

109. Rush denies the allegations contained in paragraph 109 of the Complaint.

110. Rush denies the allegations contained in paragraph 110 of the Complaint.

111. For its response to paragraph 111, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 111 of the Complaint, and therefore denies them.

112. For its response to paragraph 112, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 of the Complaint, and therefore denies them.

113. For its response to paragraph 113, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the Complaint, and therefore denies them.

114. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 114 of the Complaint, and therefore denies the same.

115. Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 115 of the Complaint, and therefore denies the same.

116. Rush specifically denies that the paragraph accurately reflects the website identified by plaintiffs, and is, thus, without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 of the Complaint, and therefore denies the same.

117. Rush denies the allegations contained in paragraph 117 of the Complaint.

118. Rush admits that paragraph 118 quotes the webpage identified by plaintiffs, states that the contents of the website speak for themselves, and denies the remainder of the allegations contained in paragraph 118.

119. Rush admits that the paragraph quotes the webpage identified by plaintiffs, states that the contents of the website speak for themselves, and denies plaintiffs' characterization of the contents.

120. Rush denies that the quotation contained in paragraph 120 appears on the webpage identified by plaintiffs, and is, thus, without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 120 of the Complaint, and therefore denies them.

121. Rush denies the allegations contained in paragraph 121 of the Complaint.

122. Rush denies the allegations contained in paragraph 122 of the Complaint.

123. Rush admits that IP addresses allow information to be sent between devices on the internet but is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 123 of the Complaint, and therefore denies them.

124. The Complaint contains two paragraphs, 124 and 125, that were intended to be one allegation. For its response to both paragraphs, Rush states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 124 and 125 of the Complaint, and therefore denies the same.

125. *See* Rush's response to paragraph 124, which is expressly incorporated by reference herein.

126. For its response to paragraph 126, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 126 of the Complaint, and therefore denies them.

127. Rush takes no position on who plaintiffs purport to bring their claims on behalf of, and denies the remaining allegations contained in paragraph 127 of the Complaint.

128. Rush denies the allegations contained in paragraph 128 of the Complaint.

129. For its response to paragraph 129, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 128 of the Complaint, and therefore denies them.

130. For its response to paragraph 130, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 129 of the Complaint, and therefore denies them.

131. For its response to paragraph 131, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 130 of the Complaint, and therefore denies them.

132. Rush denies the allegations contained in paragraph 132 of the Complaint.

133. Rush denies the allegations contained in paragraph 133 of the Complaint.

134. Rush denies the allegations contained in paragraph 134 of the Complaint.

135. Rush denies the allegations contained in paragraph 135 of the Complaint.

136. For its response to paragraph 136, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136 of the Complaint, and therefore denies them.

137. For its response to paragraph 137, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 137 of the Complaint, and therefore denies them.

138. For its response to paragraph 138, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 138 of the Complaint, and therefore denies them.

139. For its response to paragraph 139, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 139 of the Complaint, and therefore denies them.

140. For its response to paragraph 140, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 140 of the Complaint, and therefore denies them.

141. Rush denies the allegations contained in paragraph 141 of the Complaint.

142. For its response to paragraph 142, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 142 of the Complaint, and therefore denies them.

143. For its response to paragraph 143, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 143 of the Complaint, and therefore denies them.

144. Rush admits that plaintiffs quote selected portions from "The GDPR and Browser Fingerprinting: How It Changes the Game for the Sneakiest Web Trackers," and further states that the contents of the article speak for themselves. Rush denies the remaining allegations contained in paragraph 144 of the Complaint.

145. Rush admits that, as support for the allegations contained in paragraph 145, plaintiffs identify an article that purports to address browser fingerprinting techniques, and further states that the contents of the article speak for themselves. Rush denies plaintiffs' characterization of that article, and denies the remaining allegations contained in paragraph 145 of the Complaint.

146. Rush denies the allegations contained in paragraph 146 of the Complaint.

147. Rush denies the allegations contained in paragraph 147 of the Complaint.

148. Rush denies the allegations contained in paragraph 148 of the Complaint.

149. Rush admits that plaintiffs quote a selected portion from the article titled "Property, Privacy, and Personal Data." Rush further states that the contents of that article speak for themselves, denies plaintiffs' characterization of that document, and denies the remaining allegations contained in paragraph 149 of the Complaint.

150. Rush admits that plaintiffs quote selected portions from the Ponemon Institute's document titled "Privacy and Security in a Connected Life: A Study of US Consumers," and further states that the contents of that document speak for themselves. Rush denies plaintiffs' characterization of that document, and denies the remaining allegations contained in paragraph 150 of the Complaint.

151. Rush denies the allegations contained in paragraph 151 of the Complaint.

152. Rush admits that, as support for the allegations contained in paragraph 152, plaintiffs identify articles that purport to address the marketplace for de-identified health data, and further states that the contents of those articles speak for themselves. Rush denies plaintiffs' characterization of those articles, and denies the remaining allegations contained in paragraph 152 of the Complaint.

153. Rush denies the allegations contained in paragraph 153 of the Complaint.

154. Rush denies the allegations contained in paragraph 154 of the Complaint.

155. Rush denies the allegations contained in paragraph 155 of the Complaint.

156. Rush denies the allegations contained in paragraph 156 of the Complaint.

157. Rush admits that health information is the Department of Health and Human Services has promulgated the HIPAA Privacy Rule, among other regulations, and denies the remainder of the allegations contained in paragraph 157.

158. Rush admits that plaintiffs quote a selected portion of the Department of Health and Human Services' website, and denies the remaining allegations contained in paragraph 158 of the Complaint.

159. Rush admits that plaintiffs selectively quote portions of 45 C.F.R. § 160.103, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 159 of the Complaint.

160. For its response to paragraph 160, Rush admits that plaintiffs selectively quote portions of 45 C.F.R. §160.103, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 160 of the Complaint.

161. Rush admits that plaintiffs selectively quote portions of 45 C.F.R. § 164.514, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 161 of the Complaint.

162. Rush denies the allegations contained in paragraph 162 of the Complaint.

163. Rush denies the allegations contained in paragraph 163 of the Complaint.

164. Rush denies the allegations contained in paragraph 164 of the Complaint.

165. Rush admits that plaintiffs selectively quote portions of 42 U.S.C. § 1320d-6, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 165 of the Complaint.

166. Rush admits that plaintiffs selectively quote portions of a transcript from *In re Meta Pixel Healthcare Lit.*, Case No. 3:22-cv-03580-WHO (N.D. Cal. Dec. 22, 2022), the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 166 of the Complaint.

167. Rush admits that plaintiffs selectively quote portions from the *Guidance Regarding Methods for De-identification of Protected Health Information in Accordance with the Health Insurance Portability and Accountability Act Privacy Rule*, and further states that the

contents of that Guidance speak for themselves. Rush denies plaintiffs' characterization of the Guidance, and the remaining allegations contained in paragraph 167 of the Complaint.

168. Rush admits that plaintiffs selectively quote portions from a marketing guidance issued by the Department of Health and Human Services, and further states that the contents of that Guidance speak for themselves. Rush denies plaintiffs' characterization of the Guidance, and denies the remaining allegations contained in paragraph 168 of the Complaint.

169. Rush denies the allegations contained in paragraph 169 of the Complaint.

170. Rush admits that plaintiffs quote selected portions from the *HHS Office of Civil Rights Issue Bulletin on Requirements under HIPAA for Online Tracking Technologies to Protect the Privacy and Security of Health Information*, and further states that the contents of the Bulletin speak for themselves. Rush denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 170 of the Complaint.

171. Rush admits that plaintiffs quote selected portions from the *HHS Office of Civil Rights Issue Bulletin on Requirements under HIPAA for Online Tracking Technologies to Protect the Privacy and Security of Health Information*, and further states that the contents of the Bulletin speak for themselves. Rush denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 171 of the Complaint.

172. Rush admits that plaintiffs quote selected portions from the *HHS Office of Civil Rights Issue Bulletin on Requirements under HIPAA for Online Tracking Technologies to Protect the Privacy and Security of Health Information*, and further states that the contents of the Bulletin speak for themselves. Rush denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 172 of the Complaint.

173. Rush admits that plaintiffs quote selected portions from the *HHS Office of Civil Rights Issue Bulletin on Requirements under HIPAA for Online Tracking Technologies to Protect the Privacy and Security of Health Information*, and further states that the contents of the Bulletin speak for themselves. Rush denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 173 of the Complaint.

174. Rush admits that plaintiffs quote selected portions from the *HHS Office of Civil Rights Issue Bulletin on Requirements under HIPAA for Online Tracking Technologies to Protect the Privacy and Security of Health Information*, and further states that the contents of the Bulletin speak for themselves. Rush denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 174 of the Complaint.

175. Rush admits that plaintiffs quote selected portions from the *HHS Office of Civil Rights Issue Bulletin on Requirements under HIPAA for Online Tracking Technologies to Protect the Privacy and Security of Health Information*, and further states that the contents of the Bulletin speak for themselves. Rush denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 175 of the Complaint.

176. Rush denies the allegations contained in paragraph 176 of the Complaint.

177. Rush denies the allegations contained in paragraph 177 of the Complaint.

178. Rush denies the allegations contained in paragraph 178 of the Complaint.

179. Rush denies the allegations contained in paragraph 179 of the Complaint.

180. Rush admits that plaintiffs quote selected portions from the *Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates*, and further states that the contents of the Bulletin speak for themselves. Rush denies plaintiffs' characterization of

those contents, and denies the remaining allegations contained in paragraph 180 of the Complaint.

181. Rush admits that plaintiffs quote selected portions of "Modifications of the HIPAA, Final Rule," 78 FR 5566, 5598, and further states that the contents of the Notice speak for themselves. Rush denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 181 of the Complaint.

182. Rush denies the allegations contained in paragraph 182 of the Complaint.

183. Rush admits that plaintiffs quote selected portions from the *Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates*, and further states that the contents of the Bulletin speak for themselves. Rush denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 183 of the Complaint.

184. Rush admits that plaintiffs quote a selected portion of a file hosted on the HHS.gov website, and further states that the contents of HHS's files speak for themselves. Rush denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 184 of the Complaint.

185. Rush denies the allegations contained in paragraph 185 of the Complaint.

186. Rush denies the allegations contained in paragraph 186 of the Complaint.

187. Rush admits that plaintiffs selectively quote portions from the document *Protecting the Privacy and Security of Your Health Information When Using Your Personal Cell Phone or Tablet*, and further states the contents of the document speak for themselves. Rush denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 187.

188. Rush admits that the hyperlink *https://hhs/gov/sites/default/files/ocr-health-app-developer-scenarios-2-2016.pdf* is connected to a file hosted on the HHS.gov website titled *Health App Use Scenarios & HIPAA*, and denies the remainder of the allegations contained in paragraph 188 of the Complaint.

189. Rush admits that plaintiffs quote selected portions from *Health APP Use Scenarios & HIPAA*, and further states the contents of the Guidance speak for themselves. Rush denies plaintiffs' characterization of those contents, denies the remaining allegations contained in paragraph 189.

190. Rush admits that plaintiffs quote a selected portion from 45 CFR § 154.510(a)(1), the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 190 of the Complaint.

191. Rush denies the allegations contained in paragraph 191 of the Complaint.

192. For its response to paragraph 192, Rush states that the contents of the plaintiffs' quoted Federal Trade Commission and Office of Civil Rights communications speak for themselves, and otherwise denies the allegations contained in paragraph 192 of the Complaint, which appears to encompass two paragraphs of intended allegations.

193. Rush admits that paragraph 193 quotes a letter sent to Rush, denies plaintiffs' characterization of that correspondence, and denies the remainder of the allegations contained in paragraph 193.

194. Rush admits that paragraph 194 quotes a letter sent to Rush, denies plaintiffs' characterization of that correspondence, and denies the remainder of the allegations contained in paragraph 194.

195. Rush admits that paragraph 195 quotes a letter sent to Rush, denies plaintiffs' characterization of that correspondence, and denies the remainder of the allegations contained in paragraph 195.

196. Rush denies the allegations contained in paragraph 196 of the Complaint.

197. Rush admits that plaintiffs quote a selected portion from 45 CFR § 164.510(a)(1), the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 197 of the Complaint.

198. Rush admits that plaintiffs quote a selected portion from 45 CFR § 164.510(a)(1), the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 198 of the Complaint.

199. Rush denies the allegations contained in paragraph 199 of the Complaint.

200. Rush denies the allegations contained in paragraph 200 of the Complaint.

201. Rush admits that plaintiffs quote a selected portion from 45 CFR § 164.508(a)(3), the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 201 of the Complaint.

202. Rush admits that plaintiffs quote a selected portion from 45 CFR § 164.508(a)(4), the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 202 of the Complaint.

203. Rush admits that plaintiffs quote a selected portion from 45 CFR § 164.501, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 203 of the Complaint.

204. Rush admits that plaintiffs quote a selected portion from 45 CFR § 164.501, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 204 of the Complaint.

205. Rush admits that plaintiffs quote a selected portion from 45 CFR § 164.501, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 205 of the Complaint.

206. Rush admits that plaintiffs quote a selected portion from 45 CFR § 160.203, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 206 of the Complaint.

207. Rush denies the allegations contained in paragraph 207 of the Complaint.

208. Rush denies the allegations contained in paragraph 208 of the Complaint.

209. Rush denies the allegations contained in paragraph 209 of the Complaint.

210. For its response to paragraph 210, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 192 of the Complaint, and therefore denies them.

211. Rush admits that plaintiffs quote selected portions of the original Hippocratic Oath, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 211 of the Complaint.

212. For its response to paragraph 212, Rush states that the contents of the modern Hippocratic Oath speak for themselves, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 194 of the Complaint.

213. For its response to paragraph 213 of the Complaint, Rush states that the American Medical Association's Code of Medical Ethics provisions speak for themselves, denies plaintiffs' characterization, and denies the remainder of the allegations contained in paragraph 195.

214. Rush admits that plaintiffs quote selected portions of the AMA's Code of Medical Ethics Opinion 3.2.1 and further states that the contents of that Opinion speak for themselves. Rush denies plaintiffs characterization of those contents, and denies the remaining allegations contained in paragraph 214 of the Complaint.

215. Rush admits that plaintiffs quote selected portions of the AMA's Code of Medical Ethics Opinion 3.1.1 and further states that the contents of that Opinion speak for themselves. Rush denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 215 of the Complaint.

216. Rush admits that plaintiffs quote selected portions of the AMA's Code of Medical Ethics Opinion 3.2.4, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 216 of the Complaint.

217. Rush admits that plaintiffs quote selected portions of the AMA's Code of Medical Ethics Opinion 3.3.2, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 217 of the Complaint.

218. Rush denies the allegations contained in paragraph 218 of the Complaint.

219. For its response to paragraph 219, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 201 of the Complaint, and therefore denies them.

220. Rush denies the allegations contained in paragraph 220 of the Complaint.

221. Rush denies the allegations contained in paragraph 221 of the Complaint.

222. Rush denies the allegations contained in paragraph 222 of the Complaint.

223. Rush denies the allegations contained in paragraph 223 of the Complaint.

224. Rush denies the allegations contained in paragraph 224 of the Complaint.

225. Rush denies the allegations contained in paragraph 225 of the Complaint.

226. Rush denies the allegations contained in paragraph 226 of the Complaint.

227. Rush denies the allegations contained in paragraph 227 of the Complaint, including all subparts raised therein.

228. Rush denies the allegations contained in paragraph 228 of the Complaint.

229. Rush admits that plaintiffs quote selected portions from *Does the HIPAA Privacy Rule permit hospitals and other health care facilities to inform visitors or callers about a patient's location in the facility and general condition?*, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 229 of the Complaint.

230. Rush denies the allegations contained in paragraph 230 of the Complaint.

231. Paragraph 231 of the Complaint does not contain any factual statement to admit or deny. To the extent the allegation does, Rush denies the same.

232. For its response to paragraph 232 of the Complaint, Rush admits that plaintiffs quote selected portions of Rush's MyChart patient portal Terms and Conditions, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 232 of the Complaint.

233. For its response to paragraph 233 of the Complaint, Rush admits that plaintiffs quote selected portions of Rush's MyChart patient portal Terms and Conditions, the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 233 of the Complaint.

234. Rush denies the allegations contained in paragraph 234 of the Complaint.

235. Rush admits that plaintiffs quote select portions of the HIPAA Privacy and Security Frequently Asked Questions tool, available at https://www.hhs.gov/hippa/for-professionals/faq/index.html. Further, Rush states that the contents of the information available through the FAQs speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 235 of the Complaint, including the two subparts (a) alleged therein.

236. For its response to paragraph 236, Rush states that the allegations contained in paragraph 236 of the Complaint are legal conclusions requiring no response. To the extent that a response is required, Rush denies the allegations contained in paragraph 236.

237. For its response to paragraph 237, Rush states that the allegations contained in paragraph 219 of the Complaint are legal conclusions requiring no response. To the extent that a response is required, Rush denies the allegations contained in paragraph 237.

238. For its response to paragraph 238, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 238 of the Complaint, and therefore denies them.

239. For its response to paragraph 239, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 239 of the Complaint, and therefore denies them.

240. For its response to paragraph 240, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 240 of the Complaint, and therefore denies them.

241. Rush denies the allegations contained in paragraph 241 of the Complaint.

242. Rush denies the allegations contained in paragraph 242 of the Complaint.

243. Rush admits that its web properties include a hyperlink which sends patients, as well as the public, to a page titled "Web Privacy Statement," and further admits that paragraph 243 accurately captures the beginning of Rush's Web Privacy Statement.

244. Rush denies the allegations contained in paragraph 244 of the Complaint.

245. Rush denies the allegations contained in paragraph 245 of the Complaint.

246. Rush denies the allegations contained in paragraph 246 of the Complaint.

247. Rush denies the allegations contained in paragraph 247 of the Complaint.

248. Rush denies the allegations contained in paragraph 248 of the Complaint.

249. Rush denies the allegations contained in paragraph 249 of the Complaint.

250. Rush denies the allegations contained in paragraph 250 of the Complaint.

251. Rush denies the allegations contained in paragraph 251 of the Complaint.

252. Rush denies the allegations contained in paragraph 252 of the Complaint.

253. Rush denies the allegations contained in paragraph 253 of the Complaint.

254. Rush denies the allegations contained in paragraph 254 of the Complaint.

255. Rush denies the allegations contained in paragraph 255 of the Complaint.

256. Rush denies the allegations contained in paragraph 256 of the Complaint.

257. Rush admits that plaintiffs quote selected portions of two decisions—*Rigney v. City of Chicago*, 102 Ill. 64 (1881) and *Illinois Cent. R. Co. v. Commissioners and Town of Mattoon*, 161 Ill. 247, 251 (1986)— the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 257 of the Complaint.

258. Rush admits that plaintiffs quote selected portions of *Carpenter v. United States*, 48 U.S. 19, 26 (1987), the contents of which speak for themselves. Rush denies plaintiffs' characterization of that decision, and denies the remaining allegations contained in paragraph 258 of the Complaint.

259. Rush denies the allegations contained in paragraph 259 of the Complaint.

260. Rush denies the allegations contained in paragraph 260 of the Complaint.

261. Rush denies the allegations contained in paragraph 261 of the Complaint.

262. Rush denies the allegations contained in paragraph 262 of the Complaint.

263. Rush denies the allegations contained in paragraph 263 of the Complaint.

264. Rush denies the allegations contained in paragraph 264 of the Complaint.

265. Rush denies the allegations contained in paragraph 265 of the Complaint.

266. Rush denies the allegations contained in paragraph 266 of the Complaint.

267. Rush denies the allegations contained in paragraph 267 of the Complaint.

268. Rush denies the allegations contained in paragraph 268 of the Complaint.

269. Rush denies the allegations contained in paragraph 269 of the Complaint.

270. Rush denies the allegations contained in paragraph 270 of the Complaint.

271. Rush denies the allegations contained in paragraph 271 of the Complaint.

272. Rush denies the allegations contained in paragraph 272 of the Complaint.

273. Rush denies the allegations contained in paragraph 273 of the Complaint.

274. Rush denies the allegations contained in paragraph 274 of the Complaint.

275. Rush admits that plaintiffs quote selected portions of Rush's Notice of Privacy Practices, and further states that its contents speak for themselves. Rush denies plaintiffs' characterization of the identified statements, and denies the remaining allegations contained in paragraph 275 of the Complaint.

276. Rush denies the allegations contained in paragraph 276 of the Complaint.

277. Rush denies the allegations contained in paragraph 277 of the Complaint.

278. Rush admits that plaintiffs quote selected portions of Rush's MyChart patient portal Terms and Conditions, and further states that its contents speak for themselves. Rush denies plaintiffs' characterization of the identified statements, and denies the remaining allegations contained in paragraph 278 of the Complaint.

279. Rush denies the allegations contained in paragraph 279 of the Complaint.

280. Rush denies the allegations contained in paragraph 280 of the Complaint.

281. Rush admits that plaintiffs quote selected portions of Rush's MyChart patient portal Terms and Conditions, and further states that its contents speak for themselves. Rush denies plaintiffs' characterization of the identified statement, and denies the remaining allegations contained in paragraph 281 of the Complaint.

282. Rush denies the allegations contained in paragraph 282 of the Complaint.

283. Rush denies the allegations contained in paragraph 283 of the Complaint.

284. Rush admits that plaintiffs quote selected portions of Rush's Website Privacy Statement, and further states that its contents speak for themselves. Rush denies plaintiffs' characterization of the identified statements, and denies the remaining allegations contained in paragraph 284 of the Complaint.

285. Rush denies the allegations contained in paragraph 285 of the Complaint.

286. Rush denies the allegations contained in paragraph 286 of the Complaint.

287. For its response to paragraph 287, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 287 of the Complaint, and therefore denies the same.

288. For its response to paragraph 288, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 288 of the Complaint, and therefore denies the same.

289. For its response to paragraph 289, Rush is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 289 of the Complaint, and therefore denies the same.

## CLASS ACTION ALLEGATIONS

290. Rush reinstates and incorporates paragraphs 1 through 290 as if fully stated herein.

291. Rush admits that plaintiffs purport to bring this action on behalf of themselves and the proposed class identified in paragraph 291. Rush denies that this case can be maintained as a class action and denies the remaining allegations contained in paragraph 291 of the Complaint.

292. Rush denies that this case can be maintained as a class action regardless of how the purported class is defined and denies that plaintiffs or any putative class members are entitled to relief.

293. Rush denies the allegations contained in paragraph 293 of the Complaint.

294. Rush denies the allegations contained in paragraph 294 of the Complaint.

295. Rush denies the allegations contained in paragraph 295 of the Complaint.

296. Rush denies the allegations contained in paragraph 296 of the Complaint.

297. Rush denies the allegations contained in paragraph 297 of the Complaint.

298. Rush denies the allegations contained in paragraph 298 of the Complaint.

299. Rush denies the allegations contained in paragraph 299 of the Complaint.

300. Rush denies the allegations contained in paragraph 300 of the Complaint.

**COUNT I**

301. Rush reinstates and incorporates paragraphs 1 through 300 as if fully stated herein.

302. Rush denies the allegations contained in paragraph 302 of the Complaint.

303. Rush denies the allegations contained in paragraph 302 of the Complaint.

304. For its response to paragraph 304 of the Complaint, Rush states that the contents of 18 U.S.C. § 2511(1) speak for themselves, and denies the remainder of the allegations contained in paragraph 304 of the Complaint.

305. For its response to paragraph 305 of the Complaint, Rush states that the contents of 18 U.S.C. § 2510(4) speak for themselves, and denies the remainder of the allegations contained in paragraph 305 of the Complaint.

306. For its response to paragraph 306 of the Complaint, Rush states that the contents of 18 U.S.C. § 2510(12) speak for themselves, and denies the remainder of the allegations contained in paragraph 306 of the Complaint.

307. For its response to paragraph 307 of the Complaint, Rush states that the contents of 18 U.S.C. § 2510(8) speak for themselves, and denies the remainder of the allegations contained in paragraph 307 of the Complaint.

308. For its response to paragraph 308 of the Complaint, Rush states that the contents of 18 U.S.C. § 2510(15) speak for themselves, and denies the remainder of the allegations contained in paragraph 304 of the Complaint.

309. Rush denies the allegations contained in paragraph 309 of the Complaint.

310. Rush denies the allegations contained in paragraph 310 of the Complaint.

311. Rush denies the allegations contained in paragraph 311 of the Complaint.

312. Rush denies the allegations contained in paragraph 312 of the Complaint.

313. Rush denies the allegations contained in paragraph 313 of the Complaint.

314. Rush denies the allegations contained in paragraph 314 of the Complaint.

315. Rush denies the allegations contained in paragraph 315 of the Complaint.

316. Rush denies the allegations contained in paragraph 316 of the Complaint.

317. Rush denies the allegations contained in paragraph 317 of the Complaint.

318. Rush denies the allegations contained in paragraph 318 of the Complaint.

319. Rush denies the allegations contained in paragraph 319 of the Complaint.

320. Rush denies the allegations contained in paragraph 320 of the Complaint.

321. Rush denies the allegations contained in paragraph 321 of the Complaint.

322. For its response to paragraph 322 of the Complaint, Rush states that the contents of 42 U.S.C. § 1320d(6) speak for themselves, and denies the remainder of the allegations contained in paragraph 322 of the Complaint.

323. Rush denies the allegations contained in paragraph 323 of the Complaint.

324. Rush denies the allegations contained in paragraph 324 of the Complaint.

325. Rush denies the allegations contained in paragraph 325 of the Complaint.

326. Rush denies the allegations contained in paragraph 326 of the Complaint.

327. Rush denies the allegations contained in paragraph 327 of the Complaint.

328. Rush denies the allegations contained in paragraph 328 of the Complaint.

329. For its response to paragraph 329 of the Complaint, Rush states that the contents of 720 ILCS § 17-50 speak for themselves, and denies the remainder of the allegations contained in paragraph 329 of the Complaint.

330. Rush denies the allegations contained in paragraph 330 of the Complaint.

331. Rush denies the allegations contained in paragraph 331 of the Complaint.

332. For its response to paragraph 332 of the Complaint, Rush states that the contents of 720 ILCS § 5/17-51(a)(4) speak for themselves, and Rush denies the remainder of the allegations contained in paragraph 332 of the Complaint.

333. Rush denies the allegations contained in paragraph 333 of the Complaint.

334. Rush denies the allegations contained in paragraph 334 of the Complaint.

335. Rush denies the allegations contained in paragraph 335 of the Complaint.

336. Rush denies the allegations contained in paragraph 336 of the Complaint.

337. Rush denies the allegations contained in paragraph 337 of the Complaint.

338. Rush denies the allegations contained in paragraph 338 of the Complaint.

339. Rush denies the allegations contained in paragraph 339 of the Complaint.

340. Rush denies the allegations contained in paragraph 340 of the Complaint.

341. For its response to paragraph 341 of the Complaint, Rush states that the contents of 16 C.F.R. § 318.2(a) speak for themselves, and denies the remainder of the allegations contained in paragraph 341 of the Complaint.

342. Rush denies the allegations contained in paragraph 342 of the Complaint.

343. Rush denies the allegations contained in paragraph 343 of the Complaint.

344. Rush denies the allegations contained in paragraph 344 of the Complaint.

345. Rush denies the allegations contained in paragraph 345 of the Complaint.

346. Rush denies the allegations contained in paragraph 346 of the Complaint.

347. Rush denies the allegations contained in paragraph 347 of the Complaint.

348. Rush denies the allegations contained in paragraph 348 of the Complaint.

**COUNT II**

349. Rush reinstates and incorporates Rush's response to paragraphs 1 through 348 as if fully stated herein.

350. Rush denies the allegations contained in paragraph 350 of the Complaint.

351. Rush denies the allegations contained in paragraph 351 of the Complaint.

352. Rush admits that plaintiffs selectively quote a portion of the MyChart patient portal Terms and Conditions, available at https://mychart.rush.edu/MyChart/Authentication/Login?mode=stdfile&option=termsandconditions. Rush denies plaintiffs' characterization of the contents of the Terms and Conditions, and denies the remaining allegations contained in paragraph 352.

353. Rush denies the allegations contained in paragraph 353 of the Complaint.

354. Rush denies the allegations contained in paragraph 354 of the Complaint.

355. Rush denies the allegations contained in paragraph 355 of the Complaint.

356. Rush denies the allegations contained in paragraph 356 of the Complaint.

357. Rush denies the allegations contained in paragraph 357 of the Complaint.

358. Rush denies the allegations contained in paragraph 358 of the Complaint.

359. Rush denies the allegations contained in paragraph 359 of the Complaint.

360. Rush denies the allegations contained in paragraph 360 of the Complaint.

361. Rush denies the allegations contained in paragraph 361 of the Complaint.

362. Rush denies that plaintiffs are entitled to any of the relief they seek, and denies all allegations contained in paragraph 362 of the Complaint.

## COUNT III

363. For its response to paragraph 363, Rush states that the allegations contained in paragraph 363 of the Complaint are legal conclusions requiring no response. To the extent that a response is required, Rush denies the allegations contained in paragraph 363.

364. For its response to paragraph 364, Rush states that the allegations contained in paragraph 364 of the Complaint are legal conclusions requiring no response. To the extent that a response is required, Rush denies the allegations contained in paragraph 364.

365. For its response to paragraph 365, Rush states that the allegations contained in paragraph 365 of the Complaint are legal conclusions requiring no response. To the extent that a response is required, Rush denies the allegations contained in paragraph 365.

366. Rush admits that plaintiffs quote selected portions of 720 ILCS § 5/14-2(a)(4), the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 366 of the Complaint.

367. Rush admits that plaintiffs quote selected portions of 720 ILCS § 5/14-1(e), the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 367 of the Complaint.

368. Rush admits that plaintiffs quote selected portions of 720 ILCS § 5/14-1(g), the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 368 of the Complaint.

369. Rush admits that plaintiffs quote selected portions of 720 ILCS § 5/14-1(b), the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 369 of the Complaint.

370. Rush admits that plaintiffs quote selected portions of 720 ILCS § 5/14-1(c), the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 370 of the Complaint.

371. Rush admits that plaintiffs quote selected portions of 720 ILCS § 5/14-1(a), the contents of which speak for themselves, and denies plaintiffs' characterization of those contents. Rush denies the remaining allegations contained in paragraph 371 of the Complaint.

372. Rush denies the allegations contained in paragraph 372 of the Complaint.

373. Rush denies the allegations contained in paragraph 373 of the Complaint.

374. Rush denies the allegations contained in paragraph 374 of the Complaint.

375. Rush denies the allegations contained in paragraph 375 of the Complaint.

376. Rush denies the allegations contained in paragraph 376 of the Complaint.

377. Rush denies the allegations contained in paragraph 377 of the Complaint.

378. Rush denies the allegations contained in paragraph 378 of the Complaint.

379. Rush denies the allegations contained in paragraph 379 of the Complaint.

380. Rush denies that plaintiffs are entitled to any of the relief they seek, and denies all allegations contained in paragraph 380 of the Complaint.

## AFFIRMATIVE DEFENSES

Rush asserts the following affirmative defenses with respect to plaintiffs' three counts:

1. Plaintiffs' lack constitutional, prudential and/or statutory standing to assert the claims alleged in the Complaint, whether in whole or in part.
2. Plaintiffs' remaining claims fail to state a claim on which relief can be granted under Rule 12(b)(6), including for failing to meet the basic statutory elements on their federal Wiretap Act and Illinois Eavesdropping Act counts, and for failure to establish a breach of any terms of the alleged MyChart Terms & Conditions with Rush.
3. Plaintiffs' remaining claims and those of the putative class are barred by the First and Fourteenth Amendments of the United States Constitution as Rush's alleged misconduct amounts to protected speech.
4. Plaintiffs' remaining claims and those of the putative class are preempted by federal law, as the federal government made it a federal governmental mission to allow individuals to access their health records over the Internet, and holding Rush liable under Illinois state law for alleged third-party disclosures made when a patient accesses their healthcare records online would conflict with this federal mission.
5. Plaintiffs' remaining claims and those of the putative class are or may be barred by the doctrines of waiver and/or release as the terms and conditions Plaintiffs and the putative class assented to bars their claims, including with respect to the MyChart patient portal.
6. Plaintiffs' remaining claims and those of the putative class are barred by consent; by using Rush's website, and by signing up for services with Facebook and Google as well, plaintiffs

and the putative class members gave consent that information and materials communicated to Rush through its public web properties, including data, questions, comments, and suggestions, may be treated as non-confidential.

7. Plaintiffs' remaining claims and those of the putative class are barred by estoppel and/or acquiescence as plaintiffs and the putative class have been on notice of the terms and conditions of Rush's website and consented to these terms and conditions.

8. Plaintiffs' remaining claims and those of the putative class are barred in whole or in part, because Rush, at all times, did not act knowingly or intentionally, but instead acted in good faith and in compliance with applicable statutes and/or regulations, and further did not engage in any surreptitious conduct under the Illinois Eavesdropping Act.

9. Plaintiffs' remaining claims and those of the putative class are barred in whole or in part by Rush's objectively reasonable belief that any use of analytical tools on Rush's publicly accessible web properties did not transmit confidential health information.

10. Plaintiffs' remaining claims and those of the putative class are barred in whole or in part because they are based on conduct that occurred, if at all, outside of the applicable statute of limitations period for all three claims.

11. The alleged actions or omissions of Rush were not the legal or proximate cause of any alleged injuries to plaintiffs, and plaintiffs have not been injured as a matter of law.

12. Plaintiffs' remaining claims and those of the putative class are barred, in whole or in part, because they have failed to join the necessary and indispensable parties to this action.

13. This case is improper for resolution on a class-wide basis because the putative class does not meet the requirements of Rule 23. Plaintiffs are not adequate representatives of any purported class; their claims are not typical; common questions of law or fact affecting the

individual members of the class do not predominate; a class action is neither manageable nor superior; and/or there is no ascertainable class with a community of interest.

14. The alleged damages suffered by plaintiffs and the putative class, if any, were the result of superseding and/or intervening causes, which actions bar, preclude, and/or diminish plaintiffs' and the putative class members' recovery against Rush.

15. Plaintiffs' remaining claims and those of the putative class are or may be barred or reduced by their failure to mitigate their alleged damages.

16. The imposition of aggregated, class-wide damages in this case would be excessive and violate Rush's due process and other Constitutional Rights, and plaintiffs are not entitled to any punitive damages on their remaining claims.

17. Plaintiffs' remaining claims and those of the putative class are barred, in whole or in part, by their assumption of the risk because the Internet is not private.

18. Plaintiffs' Illinois Eavesdropping Act claim should be dismissed because the statute's civil remedies provision, 720 ILCS § 5/14-6, does not afford a private right of action to plaintiffs as a principal-agent theory under the facts alleged in the Complaint.

19. Plaintiffs' alleged electronic communications and/or those of the putative class may fall, either in whole or in part, within an exemption to the Illinois Eavesdropping Act pursuant to 720 ILCS § 5/14-3.

20. Plaintiffs' federal Wiretap Act and Illinois Eavesdropping Act claims are barred in whole or in part because Rush acted in good faith at all times and in compliance with the law as it existed at the time of Rush's actions.

21. Plaintiffs' breach of contract claim based on the MyChart patient portal terms and conditions is barred, in whole or in part, by a lack of consideration.

## Reservation of Rights

Rush states that discovery in this case remains ongoing, and further that the aggregated nature of plaintiffs' claims, in particular with respect to absent putative class members, makes an analysis of all potential affirmative defenses that might be applicable to any given absent class member infeasible at this time, and therefore expressly reserves the right to assert additional affirmative defenses as the case progresses.

Dated: January 3, 2024

Respectfully submitted,

By: */s/ David Carney*
*Counsel for Defendant Rush University System for Health*

Bonnie Keane DelGobbo
bdelgobbo@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 416-6200

David Carney
dcarney@bakerlaw.com
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 3, 2024, a true and correct copy of the foregoing *Answer to Plaintiffs' Second Amended Complaint* was served on all counsel of record via the Court's electronic filing system.

/s/ *David Carney*
*Counsel for Defendant Rush University System for Health*