**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUSH SYSTEM FOR HEALTH d/b/a RUSH UNIVERSITY SYSTEM FOR HEALTH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:22-cv-05380<br><br>The Honorable Matthew F. Kennelly, Judge<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendant Rush System for Health hereby respectfully submits this notice of supplemental authority to inform the Court of three recent developments:

1. As stated at the parties' March 19 status conference, on March 18 the Department of Health and Human Services, Office of Civil Rights (OCR), issued revised guidance on the use of "tracking technologies" under HIPAA. A redlined version of the guidance from the prior guidance is attached as Exhibit A. The OCR issued the revised guidance after settlement negotiations with the American Hospital Association in the litigation challenging the constitutionality of the initial guidance broke down. (*See American Hospital Association, et al. v. Xavier Becerra, et al.*, Case No. 4:23-cv-01110-P (N.D. Tex.), Dkt. # 47, Cons. Mot., ¶¶ 5-6.)

Rush provides this notice to make the Court aware of this development, to show the continued uncertainty in this area of the law, and also because the initial guidance is cited in plaintiffs' second amended complaint and has been part of this case from the initial briefing on Rush's motion to dismiss. (*See* Dkt. # 86, 2d Am. Compl. ¶¶ 170-180; Dkt. # 25, Resp. Br. at pgs. 1-2, 7 & Ex. 1.) In the continued briefing over the constitutionality of the guidance, the OCR has argued that this Court "engage[d] only in a cursory analysis of the statutory text, without the benefit of the government's participation." (Dkt. # 53, Comb. Br. (Mar. 21, 2024) at pg. 34.)

2. Rush further notes two recent decisions interpreting the tortious or criminal conduct exception. *See* Ex. B, *Kane v. University of Rochester*, 2024 WL 1178340 (W.D.N.Y. Mar. 19, 2024), Ex. C, *Okash v. Essentia Health*, 2024 WL 1285779 (D. Minn. Mar. 26, 2024).

In *Kane*, the court followed the Court's analysis of the tortious or criminal conduct exception, likewise recognizing a "HIPAA-exception-to-the-party exception." *Kane*, 2024 WL 1178340, at *7. In *Okash*, the court dismissed plaintiff's Wiretap Act claim under the exception without prejudice, notwithstanding plaintiff's allegation that the defendant "improperly profited from its invasion of Plaintiff's and the Class members' privacy in its use of their data for economic value." 2024 WL 1285779, at *4. The court stated "Okash does not allege that the advertising itself was tortious," and noted "[t]he crime-tort exception to the Wiretap Act is inapplicable where the defendant's primary motivation was to make money, not to injure plaintiffs tortiously." *Id.* (quoting *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797 (N.D. Cal. 2023)).

Plaintiffs will likely note in response that the *Okash* court did not analyze 42 U.S.C. § 1320d-6 in reaching this holding. The question before the Court, however, is why an alleged legal violation of HIPAA should determine the outcome of the exception analysis, where *Rush*'s claimed financial purpose is the same irrespective of whether or not this purpose might have violated the law, even including HIPAA. In either instance, the exception analysis is being driven by a claimed legal violation, which is not the law. *But cf. Desnick v. Am. Broad. Cos., Inc.*, 44 F.3d 1345, 1353-54 (7th Cir. 1995) (holding the exception applied as a matter of law on a motion to dismiss, even though the plaintiff had adequately alleged his defamation claim); *In re DoubleClick Inc. Privacy Litig*, 154 F. Supp. 2d 497, 516 (S.D.N.Y. 2001) (holding that "[w]here the *purpose* of a taping is not illegal or tortious, but the ***means*** are, the victims must seek redress elsewhere") (emphasis added, quoting *Sussman v. ABC*, 186 F.3d 1200, 1202 (9th Cir. 1999)).

3. Finally, for purposes of the section 1292(b) analysis, Rush notes this same Wiretap Act count is now pending before three additional judges of this Court. *Sophia Hartley v. University of Chicago Medical Center, et al.*, N.D. Ill. Case No. 1:22-cv-05891, Dkt. # 61, 2d Am. Compl., *Count I*, ¶¶ 182-208 (filed Dec. 12, 2023); *Arnold Stein, et al. v. Edward-Elmhurst Health*, N.D. Ill. Case No. 1:23-cv-14515, Dkt. # 31, Am. Compl., *Count I*, ¶¶ 335-364 (filed Feb. 20, 2024); *Patricia Mayer, et al. v. Midwest Physician Admin. Servs., LLC d/b/a Duly Health and Care*, N.D. Ill. Case No. 1:23-cv-03132, Am. Compl., *Count I*, ¶¶ 311-339 (filed Mar. 1, 2024). Certification in the alternative for this case is appropriate irrespective of this fact. But it also shows that the Seventh Circuit's decision will have broader application than simply this case here.

Dated: April 1, 2024

Respectfully submitted,

By: /s/ David Carney
*Counsel for Defendant Rush System for Health*

Bonnie Keane DelGobbo
bdelgobbo@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
Firm No. 46365

David A. Carney
dcarney@bakerlaw.com
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 1, 2024, a true and correct copy of the foregoing *Notice of Supplemental Authority* was served on counsel of record via the Court's electronic filing system.

*/s/ David Carney*
*Counsel for Defendant Rush System for Health*