**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON, individually and on behalf of all others similarly situated, | ) | Case No. 1:22-cv-05380 |
| Plaintiffs, | ) | The Honorable Matthew F. Kennelly, Judge |
| v. | ) | |
| RUSH SYSTEM FOR HEALTH d/b/a RUSH UNIVERSITY SYSTEM FOR HEALTH, | ) | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| Defendant. | ) | |

Defendant Rush System for Health hereby respectfully submits this notice of supplemental authority in support of Rush's motion for judgment on the pleadings or, in the alternative, for interlocutory appeal, to inform the Court of two recent decisions, to the extent that the Court finds them helpful in reaching the Court's own ruling:

1. In *Mrozinski v. Aspirus, Inc.*, Case No. 2023CV000170 (Wisc. Cir. Ct., filed April 18, 2024), the trial court granted defendant's motion to dismiss under the Wisconsin wiretapping statute, which like federal law has a one-party consent rule subject to a tortious or criminal conduct exception. (Ex. A, Dec. on Def.'s Mot. to Dism. at pg. 9 (quoting Wisc. Stat. § 968.31(2)(c)). The court explained its decision as follows: "The plaintiffs argued that Aspirus's acts were criminal, tortious, or otherwise injurious in a variety of ways. Some of the arguments they raised were also alleged as separate claims elsewhere in the complaint, while others were not." (*Id.*) "But those arguments seem to elide part of the statutory language." (*Id.*) "Specifically, the arguments focus on whether Aspirus's conduct actually constituted a violation of one or more of the enumerated crimes or torts, without any attention to Aspirus's purpose." (*Id.*) "And here, under the factual allegations of the complaint, the purpose for Aspirus's conduct was 'marketing and/or analytics.'" (*Id.* at pg. 10 (quoting 1st Am. Compl).) Thus also: "Even if the plaintiffs' factual allegations are

construed liberally, they do not support the inference that Aspirus's purpose was criminal, tortious, or otherwise injurious." (*Id.*)

2. In *Katz-Lacabe v. Oracle America, Inc.*, 2024 WL 1471299 (N.D. Cal. Apr. 3, 2024) (Seeborg, J.), the court dismissed plaintiff's federal Wiretap Act claim as re-pled in a second amended complaint. As here, the *Katz-Lacabe* plaintiffs argued numerous different reasons for why the Wiretap Act's tortious or criminal conduct exception should apply to their Wiretap Act claim in this second amended complaint. *Id.* at *2. The court rejected them all, and dismissed the claim without leave to amend, for the same overarching reason: "Plaintiffs fail to plausibly allege Oracle's underlying motivation in collecting and selling data about internet users was anything other than to generate revenue." *Id.* at *3 (citing *In re DoubleClick Inc. Priv. Litig.*, 154 F. Supp. 2d 497, 519 (S.D.N.Y. 2001); *In re Google Inc. Gmail Litig.*, 2014 WL 1102660, at *18 n.13 (N.D. Cal. Mar. 18, 2014)); *see also id.* at *5 (same; "The fact data collection or sales might at some later point be deemed tortious does not justify application of the crime-tort exception.").

Copies of the *Aspirus* and *Oracle* decisions are attached as Exhibits A and B to this notice.

Dated: April 19, 2024

Respectfully submitted,

By: */s/ David Carney*
*Counsel for Defendant Rush System for Health*

Bonnie Keane DelGobbo
bdelgobbo@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
Firm No. 46365

David Carney
dcarney@bakerlaw.com
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 19, 2024, a true and correct copy of the foregoing *Notice of Supplemental Authority* was served on counsel of record via the Court's electronic filing system.

*/s/ David Carney*
*Counsel for Defendant Rush System for Health*