**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

**MARGUERITE KUROWSKI** and **BRENDA MCCLENDON**, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

**RUSH SYSTEM FOR HEALTH D/B/A RUSH UNIVERSITY SYSTEM FOR HEALTH**,

Defendant.

Case No. 1:22-cv-5380

The Honorable Matthew F. Kennelly, Judge

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Marguerite Kurowski and Brenda McClendon respectfully submit this Notice of Supplemental Authority in support of Plaintiffs' brief (ECF 109) in opposition to Defendant's Motion for Judgment on the Pleadings, or in the Alternative, to Certify for Interlocutory Appeal (the "Motion," ECF 90 & 91).

In two separate actions earlier this month, the United States Department of Justice ("DOJ"), acting on referral from the Federal Trade Commission ("FTC"), brought civil actions against health providers ***related to the same data privacy misconduct at issue here***, seeking a permanent injunction, civil penalties and other relief. Both actions settled. The complaints, proposed stipulated orders resolving the claims, and press releases, are attached hereto.

## I. Summary of New Authority

*United States v. Monument, Inc.*, 1:24-cv-1034 (D.D.C.): Monument is an online healthcare provider primarily focused on treating alcohol addiction. The company's website used Facebook and Google tracking technologies to target ads from 2020 to 2022, which in turn unlawfully caused

protected health information ("PHI") to be disclosed to Facebook and Google. The United States thus alleged that Monument violated Section 5 of the FTC Act (15 USC § 45(a)) and the Opioid Addiction Recovery Fraud Prevention Act of 2018 ("OARFPA"), 15 USC § 45d.

**Exhibit A**: Complaint dated April 11, 2024.

**Exhibit B**: Proposed Stipulated Order dated April 11, 2024.

**Exhibit C**: FTC Press Release dated April 11, 2024.

*United States v. Cerebral, Inc.*, 1:24-cv-21376 (S.D. Fla.): Cerebral provides online mental health services. The United States alleges that "Cerebral provided sensitive information of nearly 3.2 million consumers to third parties such as LinkedIn, Snapchat and TikTok by using or integrating tracking tools on its website or apps. These tracking tools collect and send data to third parties so they can provide advertising, data analytics, or other services to the owner of the websites or apps." *See* **Ex. F** (press release).[1] The United States alleged that Monument violated Section 5 of the FTC Act and OARFPA (just as with Monument, above), and also alleged a violation of Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 USC § 8404.

**Exhibit D**: Complaint dated April 12, 2024.

**Exhibit E**: Proposed Stipulated Order dated April 12, 2024.

**Exhibit F**: FTC Press Release dated April 12, 2024.

## II. Why the New Authority is Relevant

Plaintiffs allege that defendant Rush System for Health ("Rush") violated the Wiretap Act, and that the "tortious or criminal conduct" exception applies because defendant's knowing disclosure of PHI to third parties without consent and for commercial advantage in violation of HIPAA, the FTC Act and numerous other statutes, evidences a criminal or tortious purpose. SAC

[1] The DOJ alleged additional privacy misconduct, not relevant here.

¶¶ 319-344 (ECF 86). This Court held that plaintiffs adequately alleged that Rush's conduct fell within the Wiretap Act crime-tort exception (ECF 81). Defendant Rush thereafter moved for reconsideration[2] on the theory that (1) prior to the December 2022 HHS bulletin (ECF 86, ¶¶ 170–75), defendant could not have known its conduct was unlawful, and (2) knowing violation of a law does not trigger the exception where the underlying purpose is profit – and thus, in turn, the Wiretap Act's "tortious or criminal conduct" exception cannot apply.

The attached authority fully disposes of defendant's arguments. First, each of the relevant statutes require "willful" or "knowing" misconduct, yet the DOJ challenged conduct occurring well before the HHS guidance, going back to at least 2020—indeed, in the case of Monument, all of the challenged conduct occurred prior to the date of the HHS guidance. This implicitly rejects Rush's argument that it could not have willfully violated a statute prior the HHS guidance. Second, the challenged conduct in both *Monument* and *Cerebral* involves the exact same tracking technology (Google, Facebook and other tracking pixels on medical websites) causing the exact same disclosure of PHI for the exact same improper purpose (advertising and other commercial gain) without consent disposing of Rush's argument that the "tortious or criminal conduct" exception is inapplicable where profit seeking is one purpose of the challenged conduct.

Dated: April 25, 2024 Respectfully Submitted,

*/s/ David A. Straite*
**DICELLO LEVITT LLP**
Adam J. Levitt
Amy E. Keller
Nada Djordjevic
Ten North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Tel.: (312) 214-7900
Fax.: (312) 253-1443
alevitt@dicellolevitt.com

---

[2] Styled as a "Motion for Judgment on the Pleadings" under Rule 12(c).

akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
jveeser@dicellolevitt.com

**DICELLO LEVITT LLP**
David A. Straite (admitted *pro hac vice)*
Corban Rhodes (admitted *pro hac vice)*
485 Lexington Ave., 10th Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax.: (646) 494-9648
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016-7416
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
ejohnson@simmonsfirm.com
jpaulson@simmonsfirm.com

***Counsel for Plaintiffs and the Proposed Class***

**CERTIFICATE OF SERVICE**

I certify that on April 25, 2024, I filed the foregoing document with the Court's ECF system. A copy will be sent electronically to all counsel of record by operation of the ECF system.

*/s/ David A. Straite*
David A. Straite