**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>RUSH SYSTEM FOR HEALTH d/b/a/ RUSH UNIVERSITY SYSTEM FOR HEALTH,<br><br>*Defendant*. | Case No. 1:22-cv-05380<br><br>The Honorable Matthew F. Kennelly |

**DECLARATION OF NADA DJORDJEVIC IN SUPPORT OF PLAINTIFFS' RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

I, Nada Djordjevic, hereby declare and state as follows:

1. I am an attorney with Dicello Levitt LLP, counsel for Plaintiffs in the above-captioned matter. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On March 27, 2023, Rush served its responses and objections to Plaintiffs' requests for production ("RFPs") and agreed to produce documents in response to the majority of Plaintiffs' RFPs on a rolling basis.

3. As of August 23, 2023, Rush had only produced four (4) documents. On August 23, 2023, Plaintiffs provided to Rush via email a list of 78 proposed ESI search terms/strings ("ESI Search Terms") and 11 custodians. Rush never objected to the ESI Search Terms or the custodians.

4. Between November 27, 2023 and January 25, 2024, Rush produced additional documents to Plaintiffs, a significant number of which were duplicates. Rush's production was not made using the ESI Search Terms or an appropriate time period. Instead, Rush unilaterally limited the time period searched to January 1, 2020 through September 30, 2022 and excluded almost a quarter of search terms/strings included in the ESI Search Terms when gathering documents to review and produce.

5. Rush applied the truncated time period despite previously confirming to Plaintiffs that Google Analytics has been used by Rush since 2006, and that Facebook Pixel and Google Tag Manager have been used by Rush since 2016.

6. Rush also confirmed that it has responsive emails going back to 2006; but Rush was only willing to run two additional searches: (1) "Google" for the period October 2005-February 2006; and (2) "Facebook" for the period June 2016-December 2016. On January 23, 2024, Rush informed Plaintiffs that its search for "Google" for the period October 2005-February 2006 resulted in a null set, *i.e.*, no hits and no documents. Rush later informed Plaintiffs that Rush has not tried to determine who the relevant custodians would have been in 2005 and 2006, instead searching only the emails for any current custodians that were at Rush at that time for the term "Google."

7. Plaintiffs filed their initial motion to compel on February 8, 2024. (ECF 100 and 101). Rush filed a response on February 12, 2024 (ECF 105) and the Court heard oral argument on the motion during the February 13, 2024 status conference. The Court then asked the parties to meet and confer further on the issues raised in Plaintiffs' motion to compel, and the parties agreed.

8. Counsel for the parties met in person immediately after the February 13, 2024 hearing and provisionally agreed on the following relevant time period for discovery from Rush: October 1, 2005 through April 30, 2006, and January 1, 2016 through February 15, 2023 (the "Expanded Period"), contingent upon the parties being able to negotiate reasonable search terms for use in searching within those time periods. The parties also walked through the contested search terms/strings from the ESI Search Terms and jointly proposed starting compromises to those terms. Finally, Rush agreed to investigate who the appropriate custodians might be for the 2005-2006 time period relating to Google Analytics.

9. Plaintiffs sent Rush an email summarizing the parties discussions and agreements from the February 13, 2024 in person meet and confer. Rush never objected to or otherwise took issue with the accuracy of the summary. A true and accurate copy of the February 15, 2024 email with attached summary is attached here to as **Exhibit 1**.

10. The parties also filed a joint status report on February 16, 2024 (ECF 107), in which Rush and Plaintiffs informed the Court that:

> During their post-hearing meeting, counsel for the parties also began further negotiations on the relevant time period for discovery, and on potential modifications to the ESI Search Terms.
>
> As a result, the parties have provisionally agreed on the following relevant time period for discovery from Rush: October 1, 2005 through April 30, 2006, and January 1, 2016 through February 15, 2023, contingent upon the parties being able to negotiate reasonable search terms for use in searching within those time periods. Rush also agreed to investigate who the appropriate custodians might be for the 2005-2006 time period relating to Google Analytics.
>
> The parties also walked through the contested search terms/strings from the ESI Search Terms and jointly proposed starting compromises to those terms. Rush is analyzing certain of these terms now based upon the documents already in possession of Rush's counsel.

ECF 107, at 2-3.

11. In the February 16, 2024 joint status report, the parties also proposed "an amended case management schedule that provides sufficient time to complete the meet and confer process on the issues raised in Plaintiffs' motion to compel, review and produce additional documents, conduct depositions after document production is complete, and modifies the remaining deadlines as needed." *Id*. at 1.

12. Over the next two-and-a-half months, the parties continued to meet and confer via email and telephone regarding the contested ESI Search Terms, ultimately coming to an agreement on all but one ESI search string by April 10, 2024 and the final search string on April 19, 2024.

13. Given the provisional agreement on the Expanded Period, which Rush confirmed with the Court (ECF 107), and the lack of any statements to the contrary by Rush, Plaintiffs at all times during the meet and confer process took Rush at its word that if the parties were able to come to an agreement regarding the contested ESI search terms/strings, Rush would run the revised ESI search terms across documents from the Expanded Period. At no time during those discussions did Rush ever say that it was still planning to limit its searches and document production to the January 1, 2020 through September 30, 2022 time period.

14. Rush also agreed to add Mark Donahue as an additional custodian since one of Rush's current custodians has only been in the position since 2022, and that position was previously held by Mr. Donahue.

15. On April 19, 2024, Rush made its first document production since January 25, 2024. Rush made a small additional production on April 30, 2024 that suffers from the same deficiencies as the April 19, 2024 production.

16. Despite the parties' agreement on a relevant time period of October 1, 2005 through April 30, 2006, and January 1, 2016 through February 15, 2023, the April 19th production was once again limited to documents from January 1, 2020 through September 30, 2022.

17. Despite the parties' agreement to add Mark Donahue as a custodian, the April 19, 2024 document production did not contain any documents where Mark Donahue was identified in the metadata as a custodian.

18. Approximately one-third (1/3) of the April 19th production was also duplicative of the documents previously produced by Rush.

19. On April 18, 2024, Plaintiffs asked Rush to confirm that its current searches and upcoming production(s) span the following:

<u>Time Period</u>

- October 1, 2005-April 30, 2006 and
- January 1, 2016 through February 15, 2023

<u>Custodians</u>

- Thurston Hatcher
- Ryan Nagdeman
- Andrew Reeder
- Courtney Satlak
- Matthew Sluzinski
- Mark Donahue
- Relevant custodians for the 2005-2006 time period – Rush also still needs to identify who those custodians are to Plaintiffs. Please provide their names and titles at that time.

<u>ESI Search Terms/Strings</u>

- See attached spreadsheet, which includes the search string Plaintiffs proposed on April 10, 2024, which Rush has not objected to.

A true and accurate copy of the email chain containing the April 18, 2024 email is attached hereto as **Exhibit 2.**

20. Rush did not respond to the April 18, 2024 email.

21. On April 19, 2024, Plaintiffs sent Rush a spreadsheet with the final ESI search terms/strings, as negotiated and agreed to by the parties (the "Revised ESI Search Terms"). As part of the negotiation and compromise process for the Revised ESI Search Terms, Plaintiffs agreed to delete certain of the contested ESI search terms/strings entirely, and repeatedly revised others until the number of hits on the specific search term/string, and so the ESI search term/string itself, was acceptable to Rush. A true and accurate copy April 19, 2024 email with Revised ESI Search Terms spreadsheet is attached hereto as **Exhibit 3.**

22. On April 22, 2024, Plaintiffs emailed Rush again to let Rush know: "Based on an initial cursory review, the April 19, 2024 production does not include documents from the agreed expanded time periods, and does not include any documents where Mark Donahue is the custodian. We have not yet had a chance to do a thorough review to determine what else may be missing, and reserve all rights to raise any and all deficiencies we find." Plaintiffs also asked Rush when it was making its next document production, and for the confirmations requested on April 18th and the names of the custodians for the 2005-2006 time period. A true and accurate copy of the email chain containing the April 22, 2024 communications between Plaintiffs and Rush is attached hereto as **Exhibit 4.**

23. On April 22, 2024, Rush responded in part: "[C]ompleting this aspect of discovery has our entire focus right now." *Id*. But that was not the case.

24. At 8:28 pm on April 25, 2024 – three business days before the close of written fact discovery, Rush reneged on the parties' agreements and once again refused to search for or produce responsive documents outside of the time period of January 1, 2020 through September 30, 2022 or to produce certain witnesses for deposition. A true and accurate copy of the email chain

containing the April 25-26, 2024 communications between Rush and Plaintiffs is attached hereto as **Exhibit 5**.

25. On April 26, 2024, Plaintiffs responded, once again demanding that Rush comply with its discovery obligations, as agreed to by the parties, and asking Rush for availability for a meet and confer that day. *Id*. Plaintiffs explained, in part:

> Meeting and conferring is even more imperative in light of your statements below, including:
>
> - "Apart from that, in light of the delay caused by plaintiffs' continued refusal to simply accept reasonable search terms, Rush will need to reassess any further pre-certification discovery demands from plaintiffs."
> - "At plaintiffs' requests, plaintiffs now have comprehensive search terms covering a nearly three-year period of emails, which is more than enough by far for class."
> - "There are no emails for these custodians hitting on the Google search term during the relevant period."
>
> The foregoing statements are contrary to all of the parties discussions and agreements since the February 13, 2024 hearing, and to the entire reason Plaintiffs have patiently spend the last two months negotiating search terms that Rush repeatedly tried to simply delete, rather than once again moving to compel discovery from Rush that Plaintiffs are entitled to. Rush's decision to revert back to its unsupportable limited time period for discovery, and limited search terms for the 2005-2006 period and "re-assess" discovery "demands" that Rush has already agreed to for months now, and to do so four (4) days before the close of written fact discovery is inappropriate and sanctionable. If Rush does not fully comply with its document production obligations by April 30, 2024, Plaintiffs will seek the Court's assistance.

*Id*.

26. Rush's obligations, as agreed to by Rush are:

- To collect ESI from the following custodians for the following time periods, and use those documents as the search set for applying the agreed ESI search terms/strings
  - For the time period October 1, 2005-April 30, 2006; custodians Jim Lail, Mike Sorenson, Scott Finkle, Alden Brugada and Anne Kelly

  - For the time period January 1, 2016 through February 15, 2023; custodians Thurston Hatcher, Ryan Nagdeman, Andrew Reeder, Courtney Satlak, Matthew Sluzinski, and Mark Donahue

- To take the collected ESI and search for and produce responsive documents using the ESI search terms/strings negotiated by the parties.
- To produce all non-privileged responsive documents from the foregoing searches by April 30, 2024
- To put up for deposition a Rule 30(b)(6) corporate designee or designees for Rush, as well as produce those individuals whose Rule 30(b)(1) depositions have been noticed by Plaintiffs

*Id*.

27. Apparently unconcerned about the fast approaching written fact discovery deadline, at 5:07 pm on Friday April 26, 2024, Rush responded that counsel was available for a meet and confer on Monday April 29, 2024 – one day before the deadline. *Id*.

28. Plaintiffs and Rush met and conferred via telephone on Monday April 29, 2024. During that call counsel for Plaintiffs asked counsel for Rush the following questions:

- Is Rush going to run searches using the agreed upon ESI Search Terms, for the agreed upon custodians for the period of October 1, 2005 through April 30, 2006?
- Is Rush going to run searches using the agreed upon ESI Search Terms, for the agreed upon custodians for the period of January 1, 2016 through February 15, 2023?

29. Counsel for Rush, on behalf of his client, responded No to both questions.

30. With respect to the 2016 through 2023 time frame, Plaintiffs' understanding of the April 29, 2024 conversation was that upon reflection, counsel for Rush agreed to go back to his client to see if Rush would reconsider its position, and to let counsel for Plaintiffs know Rush's response as early as possible on Tuesday April 30, 2024.

31. On April 30, 2024, counsel for Rush responded that no such promise had been made, and once again stated Rush's repeatedly rejected position that no more was needed for class certification, so Rush did not need to produce documents from the Expanded Period despite the

parties' prior agreement. A true and accurate copy of the email chain containing the April 30, 2024 communications between Rush and Plaintiffs is attached hereto as **Exhibit 6**.

32. The parties met and conferred via email and teleconference regarding the issues raised in Plaintiffs' first motion to compel, as requested by the Court, on multiple occasions, including: February 13-15, 22-23, 26-27, and 29, 2024, March 1, 4, 7, 10-13, 15, 18-22, 25-27, 2024, and April 1, 3-5, 8, 10, 12, 18-19, 22-25-26, and 29-30, 2024, but the parties remain unable to reach accord given Defendant's last minute reversion to its position from early February despite Defendant's prior agreement to the Revised ESI Search Terms, Expanded Period, and additional custodian.

33. A true and accurate copy of the transcript of the February 13, 2024 status conference in this matter is attached hereto as **Exhibit 7**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of April, 2024

*/s/ Nada Djordjevic*
Nada Djordjevic