**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>RUSH SYSTEM FOR HEALTH d/b/a RUSH UNIVERSITY SYSTEM FOR HEALTH,<br><br>*Defendant*. | Case No. 22 Civ. 5380 (MFK) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit the attached supplemental authority in support of their Memorandum In Opposition to Defendant's Motion for Judgment On the Pleadings or, In the Alternative, to Certify for Interlocutory Appeal (ECF 109), which held the plaintiff "sufficiently plead an interception made with the purpose of violating one or more laws, independent from the act of interception itself," where she alleged "that the interceptions were made to access and monetize her private and protected health data," which was "sufficient to plead a violation of" state and common law, and HIPAA." *Mekhail v. N. Mem'l Health Care*, --- F.3d. --- , 2024 WL 1332260, at *5 (D. Minn. Mar. 28, 2024), attached as **Exhibit A**. In rejecting the defendant's argument that "the crime-tort exception is inapplicable where a defendant's motivation is pecuniary" the court explained:

> The Court will not follow such a bright-line rule in deciding the pending motion. Setting aside that a nuanced and factual differentiation of intent is improper at the pleading stage, the Court has serious doubts that a pecuniary purpose and an injurious purpose can always be so clearly distinguished. And it defies common sense that a clearly harmful act could escape liability as long as it was done for profit. Ultimately, the scope of conduct implicated by § 2511(2)(d) 'must be determined on a case-by-case basis.'"

*Mekhail*, 2024 WL 1332260, at *5 n.4 (citation omitted).

Given the substantial overlap in factual allegations and legal theories, Plaintiffs respectfully submit the aforementioned case as supplemental authority in further support of their argument that Defendant's Motion (ECF 90 and 91) should be denied.

Dated: May 6, 2024

Respectfully submitted,

*/s/ Nada Djordjevic*

**DICELLO LEVITT LLP**
David A. Straite*
Corban Rhodes
485 Lexington Ave., 10th Floor
New York, New York 10017
Tel.: (646) 933-1000
Fax.: (646) 494-9648
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

**DICELLO LEVITT LLP**
Adam J. Levitt
Amy E. Keller
Nada Djordjevic
Ten North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Tel.: (312) 214-7900
Fax.: (312) 253-1443
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com

**SIMMONS HANLY CONROY**
Jason 'Jay' Barnes
Eric S. Johnson
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
ejohnson@simmonsfirm.com

***Attorneys for Plaintiffs***

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of May 2024, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notification to all counsel of record in this Action.

/s/*Nada Djordjevic*