**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| **MARGUERITE KUROWSKI** and **BRENDA MCCLENDON**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**RUSH SYSTEM FOR HEALTH D/B/A RUSH UNIVERSITY SYSTEM FOR HEALTH**,<br><br>Defendant. | Case No. 1:22-cv-5380<br><br>The Honorable Matthew F. Kennelly, Judge<br><br>**CLASS ACTION** |

**PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT A RESPONSE TO RUSH'S NOTICES OF SUPPLEMENTAL AUTHORITY**

Marguerite Kurowski and Brenda McClendon on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), respectfully request that the Court grant them leave to submit a response to Defendant Rush System for Health's ("Rush") Notices of Supplemental Authority (ECF 116 and 117), which are irrelevant to resolution of Defendant's Motion for Judgment on the Pleadings, or in the Alternative, to Certify for Interlocutory Appeal ("Motion").

**Plaintiffs' Response to Rush's Notices of Supplemental Authority**

Rush points to *Kane v. Univ. of Rochester*, 2024 WL 1178340 (W.D.N.Y. Mar. 19, 2024), *Okash v. Essentia Health*, 2024 WL 1285779 (D. Minn. Mar. 26, 2024), *Katze-Lacabe v. Oracle America, Inc.*, 2024 WL 1471299 (N.D. Cal. Apr. 3, 2024) and *Mrozinski v. Aspiris, Inc.*, Case No. 2023CV000170 (Wisc. Cir. Ct., filed April 18, 2024), plus a redline comparing the two versions of an HHS bulletin in further support of Rush's argument that Plaintiffs' ECPA claim fails because the crime-tort exception does not apply. None add to or support Rush's arguments.

The court in *Kane*, 2024 WL 1178340, at *7, agrees with this Court and allowed an ECPA claim to proceed under the crime-tort exception where the plaintiff "alleged that [d]efendant configured the Pixel to collect and disclose, among other things, that a specific user booked an appointment with a specific healthcare provider and the search terms that the user entered to find that provider," explaining that that was sufficient to "plausibly allege[] that Defendant's purpose was to commit an act that is punishable as a crime under 42 U.S.C § 1320d-6: knowingly disclosing IIHI without authorization for marketing purposes."

The plaintiff in *Okash* failed to allege "independent criminal or tortious conduct" outside of the interception itself. 2024 WL 1285779, at *4. Although he alleged the defendant was "improperly profiting" from the use of their data for targeted advertising, he "d[id] not allege the advertising itself was tortious." *Id*. Plaintiffs here allege both that their PHI was intercepted without their consent, and that Rush did so for the purpose of disclosing and using their PHI for commercial or personal gain, which is a crime. 42 U.S.C. § 1320d-6(a)(3).[1] To invoke the exception, "the bad acts must … involve 'tortious or criminal use of the interception's fruits.'" *Okash*, 2024 WL 1285779, at *4 (internal citation omitted). That is exactly what Plaintiffs have alleged here.

*Katze-Labe* does not involve PHI or alleged HIPAA violations and the plaintiffs there "fail[ed] plausibly to allege [defendant]'s underlying motivation in collecting and selling data about internet users was anything other than to generate revenue." 2024 WL 1471299, at *3. The court also explained that "[p]laintiffs aver [defendant] sought to hide its data collection and sales efforts because they knew they were 'privacy-invasive and harmful' [] they do not plausibly

[1] HIPAA "imposes a criminal penalty for knowingly 'disclosing individually identifiable health information' (again, IIHI) to a third party." ECF 81, at 6 (quoting 42 U.S.C. § 1320d-6(a)(3)). The penalty is enhanced where "the offense is committed with intent to sell, transfer, or use individually identifiable health information for commercial advantage, personal gain, or malicious harm." 42 U.S.C. § 1320d-6.

allege [defendant] thought any such efforts were tortious or point to any authority for the proposition that such collection or sales was unlawful." *Id*. Here, Plaintiffs allege that Rush's conduct was tortious and unlawful, and that Rush knew so. SAC ¶¶ 319-344.

Similarly, in *Mrozinski*, although the plaintiff alleged that the defendant's conduct violated both criminal and civil laws, the only allegations regarding the purpose for the defendant's conduct was marketing and analytics. *Id.*, at 9-10. Plaintiffs here have alleged that "Rush intentionally intercepted and used the contents of Plaintiffs' and Patient Class members' electronic communications for the unauthorized purpose of disclosing and, on information and belief, profiting from, Plaintiffs' and Patient Class members' communications by selling the contents to third parties including Facebook, Google, and Bidtellect." SAC ¶ 315. The knowing disclosure of PHI to third parties without consent and for personal gain is a crime. ECF 81, at 6.

Other courts agree with this Court that the crime-tort exception applies under facts similar to those alleged here. For example, Plaintiffs recently brought the following case to the Court's attention (ECF 126): *Mekhail v. N. Mem'l Health Care*, --- F. Supp. 3d --- , 2024 WL 1332260, at *5 (D. Minn. Mar. 28, 2024) (Plaintiff "sufficiently plead an interception made with the purpose of violating one or more laws, independent from the act of interception itself," where she alleged "that the interceptions were made to access and monetize her private and protected health data," which was "sufficient to plead a violation of" state and common law, and HIPAA); *see also In re Grp. Health Plan Litig.*, 2023 WL 8850243, at *8 (D. Minn. Dec. 21, 2023) (criminal or tortious purpose pleaded where plaintiffs "allege the primary motivation in [defendant's] interception and disclosure was to commit wrongful and tortious acts, 'namely, the use of patient data for advertising in the absence of express written consent,' and the use 'for marketing and revenue generation was in violation of HIPAA and an invasion of privacy.'").

Profit or commercial activity is not a defense when the underlying actions are unlawful. *U.S. v. Lam*, 271 F. Supp. 2d 1182, 1184 (N.D. Cal. 2003) (interception for illicit commercial purpose invoked exception); *see also Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1067 (N.D. Cal. 2021) (intercepting communications for the purpose of associating plaintiffs' data with preexisting user profiles was "further use" of the plaintiffs' data that invoked exception).

As the court explained in *Mekhail*: "[I]t defies common sense that a clearly harmful act could escape liability as long as it was done for profit." 2024 WL 1332260, at *5 n.4 (citation omitted). And as Plaintiffs pointed out in their Notice of Supplemental Authority (ECF 119), the U.S. Department of Justice ("DOJ"), acting on referral from the Federal Trade Commission ("FTC"), recently brought civil actions against health providers ***related to the same data privacy misconduct at issue here***; for violations of statutes that require "willful" or "knowing" misconduct; challenging the same tracking technology (tracking pixels on medical websites) causing the same disclosure of PHI for the same improper purpose (advertising and other commercial gain) without consent, mostly occurring before the HHS Bulletin was issued. *Id*.

Rush's redline comparing the December 2022 and March 2024 versions of the HIPAA Privacy, Security, and Breach Notification Rules supports Plaintiffs' position. The March 2024 revisions leave untouched or make only non-material changes to the portions of the HHS Bulletin cited in the Second Amended Complaint. *Compare* ECF 116-1 *with* SAC ¶¶ 170-175.[2]

Finally, Rush lists three other cases with "this same Wiretap Act count." ECF 116. The fact that other pending cases also have ECPA claims is hardly surprising, and has no bearing on whether the Court should certify an interlocutory appeal under § 1292(b) in this case.

[2] Both versions make clear that "it has always been true that regulated entities may not impermissibly disclose PHI to tracking technology vendors." SAC ¶ 178.

For all of the foregoing reasons, Rush's Notices of Supplemental Authority are irrelevant to the pending Motion, and should not be considered by the Court.

Dated: May 7, 2024

Respectfully Submitted,

*<u>/s/ Nada Djordjevic</u>*
**DiCELLO LEVITT LLP**
Adam J. Levitt
Amy E. Keller
Nada Djordjevic
Ten North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Tel.: (312) 214-7900
Fax.: (312) 253-1443
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com

**DiCELLO LEVITT LLP**
David A. Straite (*pro hac vice)*
Corban Rhodes
485 Lexington Ave., 10th Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax.: (646) 494-9648
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (*pro hac vice*)
Eric Johnson (*pro hac vice*)
Jenny Paulson (*pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016-7416
(212) 784-6400
(212) 213-5949 (FAX)
jaybarnes@simmonsfirm.com
ejohnson@simmonsfirm.com
jpaulson@simmonsfirm.com

***Counsel for Plaintiffs and the Proposed Class***

**CERTIFICATE OF SERVICE**

I certify that on May 7, 2024, I filed the foregoing document with the Court's ECF system. A copy will be sent electronically to all counsel of record by operation of the ECF system.

*/s/ Nada Djordjevic*
Nada Djordjevic