**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON, individually and on behalf of all others similarly situated, | ) | Case No. 1:22-cv-05380 |
| Plaintiffs, | ) | |
| v. | ) | The Honorable Matthew F. Kennelly, Judge |
| RUSH SYSTEM FOR HEALTH d/b/a RUSH UNIVERSITY SYSTEM FOR HEALTH, | ) | |
| Defendant. | ) | **NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendant Rush System for Health respectfully submits this notice of supplemental authority to inform the Court that earlier today the Northern District of Texas held the Department of Health and Human Services' recent tracking technologies guidance should be invalidated, at least in part. *See American Hospital Ass'n, et al. v. Becerra, et al.*, No. 4:23-cv-01110-P, Dkt. # 67, *Opinion & Order*, at pgs. 30-31. A copy of the Opinion & Order is attached as Exhibit A.

As most relevant to the issues before the Court, the opinion rejected the government's argument that the regulatory guidance was not new. (Ex. A, *Op. & Ord.*, at pg. 11; *compare* Dkt. # 86, 2d Am. Compl. ¶¶ 176-189 (likewise arguing "The HHS Bulletin Was a Reminder to Covered Entities, Like Rush, of Existing Duties—Not a Proclamation of New Policy.").)

This was so for four reasons: "*First*, HHS has never issued a pronouncement construing the IIHI definition in the context of information collected by online technologies—let alone adopting the agency's new rule on the Proscribed Combination." (Ex. A, *Op. & Ord.*, at pg. 11 (quotation omitted).) "*Second*, there's nothing close to unanimity between HIPAA-covered entities on this point." (*Id.*) "*Third*, other courts have rejected HHS's interpretation." (*Id.*) "*Fourth*, like private-sector entities, it is undisputed that HIPAA-covered federal agencies are disclosing IIHI in violation of the Revised Bulletin's new rule." (*Id.* (quotation omitted).)

Plaintiffs will note the decision focused on the transfer of IP addresses on public websites (the "Proscribed Combination"). (*Id.* at pgs. 3-4.) Plaintiffs' allegations in their second amended complaint have this same focus, however. (Dkt. # 86, 2d. Am. Compl. ¶ 75 ("Plaintiff McClendon has over 50 instances of Rush sending such communications event information to Facebook from her activity on www.rush.edu."); *see also id.*, ¶ 79 (detailing public website URL allegedly disclosed to Google in October 2019 for plaintiff Kurowski); *id.*, ¶ 127 (alleging that "[u]nder the Health Insurance Portability and Accountability Act ('HIPAA'), an IP address of patients is considered personally identifiable information when provided to their healthcare providers").)

Moreover, under any theory, the basic information allegedly transmitted remains the same. (*Id.*, ¶¶ 122-147 ("**THE INFORMATION RUSH DISLCOSES TO THIRD PARTIES IS PII AS A MATTER OF LAW**") (emphasis in original).) Plaintiffs have not, and cannot, plausibly allege Rush had in mind a criminal purpose to violate HIPAA when making the allegedly unlawful transmissions from their second amended complaint, when to this day the law still remains unclear as to what the right rule is. Rush respectfully submits that the Court should grant Rush's motion for judgment on the pleadings, or in the alternative certify the plausibility of plaintiffs' alleged federal Wiretap Act claim to the Seventh Circuit for immediate appellate review.

Dated: June 20, 2024

Respectfully submitted,

By: */s/ David Carney*
*Counsel for Defendant Rush System for Health*

Bonnie Keane DelGobbo
bdelgobbo@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
Firm No. 46365

David A. Carney
dcarney@bakerlaw.com
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on June 20, 2024, a true and correct copy of the foregoing *Notice of Supplemental Authority* was served on counsel of record via the Court's electronic filing system.

*/s/ David Carney*
*Counsel for Defendant Rush System for Health*