**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

**MARGUERITE KUROWSKI** and **BRENDA MCCLENDON**, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

**RUSH SYSTEM FOR HEALTH D/B/A RUSH UNIVERSITY SYSTEM FOR HEALTH**,

Defendant.

Case No. 1:22-cv-5380

The Honorable Matthew F. Kennelly, Judge

**CLASS ACTION**

**PLAINTIFFS' RESPONSE TO RUSH'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Marguerite Kurowski and Brenda McClendon on behalf of themselves and all others similarly situated, respectfully request leave to submit a response to Defendant Rush System for Health's ("Rush") Notice of Supplemental Authority (ECF 138), which, like the other "supplemental authority" submitted by Rush, does not help its position. At best for Rush, it is irrelevant to resolution of Defendant's Motion for Judgment on the Pleadings, or in the Alternative, to Certify for Interlocutory Appeal ("Motion"). At worst, it is fatal to Defendant's arguments.

Rush recently submitted an order entered in *American Hospital Ass'n, et al. v. Becerra, et al.*, No. 4:23-cv-01110-P (N.D. TX June 20, 2024) (the "*AHA Opinion*") as supplemental authority. However, the facts and holdings in the *AHA Opinion* support Plaintiffs, not Rush.

*First*, the *AHA Opinion* does not relate to disclosures relating to patient portals such as those at issue in this case. Instead, it is limited to what the AHA labeled as the "Proscribed Combination," – IP address plus a visit to a healthcare condition or healthcare provider landing page outside of a patient portal by non-patients. (ECF 138-1 at 2-3). The AHA (and 30 amici hospitals represented by the same counsel as Rush here) expressly stated that the AHA and its

member hospitals "are not challenging the Bulletin's application to patient portals." *AHA v. Becerra, et. al*., N.D. Tex. Case No. 23-cv-1110 (Dkt. 25 at 6 n.2 (AHA); Dkt. 35 at 1 n.2, 22 (amici hospitals)). This is fatal for Rush because the activity at issue here involves the Rush patient portal and its disclosures of patient communications when patients are logging-in and once they are logged in. On their own, those disclosures violate HIPAA. They also add a key data point to the information disclosed by Rush to Facebook and Google—that the person involved is a Rush patient, not a random member of the public.

*Second*, the *AHA Opinion* endorses the remainder of the HHS guidance regarding hospital activity, explaining that, other than the "Proscribed Combination," the "Revised Bulletin contains an array of guidance for covered entities, much of which is both legally and pragmatically sound." AHA *Opinion* at 7 n.3. Here, Rush was on notice of its illegal conduct long before December 2022 for the reasons set forth in Plaintiffs' Opposition at Dkt. 109 at 11. Rush chose to ignore those warnings and knowingly violated HIPAA.

*Third*, the *AHA Opinion* does not apply to the allegations of what happens outside the patient portal in this case because the challenge was limited to IP addresses. There is no mention of device identifiers, cookies, and other identifiable information, all of which are at issue here.

*Fourth*, the *AHA Opinion* relies on this Court's prior decision with respect to HIPAA without making any mention of the subsequent order. It also ignores the cases that have nearly uniformly distinguished *Smith v. Facebook*. The *Smith* case also has no relevance to Rush's conduct because: (1) *Smith* included non-patients; (2) the websites in *Smith* included entities that were not healthcare providers; (3) the *Smith* plaintiffs did not allege any transmissions relating to patient portals or make any distinctions between communications about doctors, treatments, conditions, and payments from any other communications; and (4) the technology was different.

*Fifth*, even if HIPAA does not apply to a subset of Rush's conduct, Rush, by transmitting data including patient IP addresses, patient cookie identifiers, device identifiers, account numbers, URLs, other unique identifying numbers or codes, and browser fingerprints, as well as patient communications within the MyChart portal to third parties, including Facebook and Google, was still engaging in an unfair business practice in violation of the Illinois Deceptive Trade Practice Act and of the FTC Act, either of which can serve as the predicate for the "crime-tort" exception.

*Sixth*, Plaintiffs do not allege that the HHS Bulletin is either the beginning of or the sole basis of Rush's privacy obligations. This case was filed months before the HHS Bulletin was issued and the claims stand irrespective of the HHS Bulletin. As Plaintiffs advised the Court on April 25, 2024 (Dkt. 119), the United States Department of Justice ("DOJ"), acting on referral from the Federal Trade Commission ("FTC"), brought civil actions against health providers ***related to the same data privacy misconduct at issue here***, seeking a permanent injunction, civil penalties and other relief. Both actions were brought under statutes that require "willful" or "knowing" misconduct, and challenged conduct occurring well before the HHS Bulletin was issued. Both actions settled. The *AHA Opinion* has no bearing on Rush's misconduct in this case.

For all of the foregoing reasons, Rush's Notice of Supplemental Authority (ECF 138) is irrelevant to the pending Motion, and should not be considered by the Court.

Dated: June 28, 2024

Respectfully Submitted,

*/s/ Nada Djordjevic*
**DICELLO LEVITT LLP**
Adam J. Levitt
Amy E. Keller
Nada Djordjevic
Ten North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Tel.: (312) 214-7900
Fax.: (312) 253-1443
alevitt@dicellolevitt.com

akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com

**DICELLO LEVITT LLP**
David A. Straite (*pro hac vice)*
Corban Rhodes
485 Lexington Ave., 10th Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax.: (646) 494-9648
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (*pro hac vice*)
Eric Johnson (*pro hac vice*)
Jenny Paulson (*pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016-7416
(212) 784-6400
(212) 213-5949 (FAX)
jaybarnes@simmonsfirm.com
ejohnson@simmonsfirm.com
jpaulson@simmonsfirm.com

***Counsel for Plaintiffs and the Proposed Class***

## CERTIFICATE OF SERVICE

I certify that on June 28, 2024, I filed the foregoing document with the Court's ECF system. A copy will be sent electronically to all counsel of record by operation of the ECF system.

*/s/ Nada Djordjevic*
Nada Djordjevic