**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RUSH SYSTEM FOR HEALTH d/b/a RUSH UNIVERSITY SYSTEM FOR HEALTH,<br><br>Defendant. | Case No. 22 C 5380<br><br>The Honorable Matthew F. Kennelly, Judge |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs Marguerite Kurowski and Brenda McClendon ("Plaintiffs") have filed a motion for preliminary approval of a class action settlement pursuant to Federal Rule of Civil Procedure 23(e), in accordance with the terms of the Class Action Settlement Agreement and Release ("Settlement Agreement") entered into on September 26, 2024. The Court has reviewed and considered the Settlement Agreement, and held a telephonic hearing on October 4, 2024.

**IT IS HEREBY ORDERED** as follows:

1. Defined Terms. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. Preliminary Approval of the Settlement. The Court preliminarily approves the Settlement Agreement, as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, pending a final hearing on the Settlement as provided herein. Specifically, the Court finds that the Class Representatives and Class Counsel have adequately

represented the Class in all respects. The Court also preliminarily finds that the Settlement was negotiated at arm's length by informed and experienced counsel after two years of hard-fought litigation on both sides. The relief provided to the Class under the Settlement Agreement is adequate and will provide a benefit to all Class Members, and more broadly to all visitors of Rush's web properties. Moreover, there would be substantial costs, risks and delay associated with proceeding to trial and potential appeal. Finally, the Court preliminarily finds that the Settlement Agreement treats Class Members equitably relative to each other, and provides benefits equally to Members of the Class.

3. Stay of the Action. Pending the Final Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

4. Class Definition. The Court preliminarily certifies, solely for purposes of effectuating the Settlement, the following Settlement Class:

> All Rush University System for Health, Rush University Medical Center, Rush Oak Park Hospital, Rush Copley Medical Center, Rush Medical Group, and any and all predecessor entities' patients who are current Rush MyChart patient portal users and/or account holders.

5. Class Representatives. The Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Plaintiffs Marguerite Kurowski and Brenda McClendon ("Class Representatives") will fairly and adequately represent the interests of the Class in enforcing their rights in the Action and appoints them as Class Representatives. The Court further finds, for purposes of this Settlement, that they are similarly situated to absent Class Members and have Article III standing to pursue their claims, and are therefore typical of the Class, and that they will be adequate Class Representatives.

6. Class Counsel. The Court preliminarily appoints Jason 'Jay' Barnes of Simmons Hanly Conroy LLC and Nada Djordjevic of DiCello Levitt LLP as Class Counsel for the Settlement Class (collectively, "Class Counsel"). The Court authorizes Class Counsel to enter into

the Settlement on behalf of the Class Representatives and the Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court.

7. Preliminary Class Certification for Settlement Purposes Only: The Court preliminarily finds, solely for purposes of the Settlement, that Rule 23 criteria for certification of the Settlement Class exist in that: (a) the Class is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) Defendant Rush System for Health has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

8. Class Notice. Because this Settlement provides injunctive relief to and for the Settlement Class, the Court finds and determines that providing notice to the relevant federal and state regulatory authorities pursuant to 28 U.S.C. § 1715 (the "CAFA Notice"), constitutes sufficient notice of the matters and fully satisfies the requirements of due process, Rule 23(e) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. *See, e.g., Jeanne and Nicolas Stathakos v. Columbia Sportswear Company et al.,* No. 4:15-CV-04543-YGR, 2018 WL 582564, at *3 (N.D. Cal. Jan. 25, 2018) ("In injunctive relief only class actions certified under Rule 23(b)(2), federal courts across the country have uniformly held that notice is not required.") (collecting cases); *Lilly v. Jamba Juice Co.,* No. 13-CV-02998-JST, 2015 WL 1248027, at *9 (N.D. Cal. Mar. 18, 2015) ("Because, even if notified of the settlement, the settlement class would not have the right to opt out from the injunctive settlement and the settlement does not release the monetary claims of class members, the Court concludes that class notice is not necessary."); *Jermyn v. Best Buy Stores, L.P.,* No. 08 CIV. 214 CM, 2012 WL 2505644, at *12 (S.D.N.Y. June 27, 2012) (quoting *Green v. Am. Express Co.,* 200 F.R.D. 211, 212–13 (S.D.N.Y. 2001)) ("Courts have held that no notice is required under several circumstances, including . . . 'when the settlement provides for only injunctive relief, and therefore,

there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, . . . when there is no evidence of collusion between the parties, and . . . when the cost of notice would risk eviscerating the settlement agreement.'").

9. Final Fairness Hearing. A telephonic hearing will be held by The Honorable Matthew F. Kennelly, Judge, United States District Court for the Northern District of Illinois, at 9:15 a.m. CST on December 17, 2024, using call-in number 650-479-3207, access code 2305-915-8729 ("Final Fairness Hearing"), to determine:

(a) whether the Settlement should be approved as fair, reasonable, and adequate to the Class;

(b) whether a Final Approval Order should be entered;

(c) whether the Class Representatives' proposed Settlement Benefits as described in Section 2 of the Settlement Agreement should be approved as fair, reasonable, and adequate to the Class;

(d) whether to approve the application for settlement amounts and service awards for the Class Representatives ("Service Awards") and an award of attorneys' fees and litigation expenses ("Fee Award and Costs"); and

(e) any other matters that may properly be brought before the Court in connection with the Settlement.

The Court may approve the Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

10. Objections and Appearances.

a. Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Class Member does not enter an appearance, they will be represented by Class Counsel. Any Class Member who wishes to object to the Settlement, the Settlement Benefits, Service Awards, and/or the Attorneys' Fee Award and Costs, or to appear at the Final Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class,

why a final judgment should not be entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Attorneys' Fee Award and Costs should not be granted, may do so, but must proceed as set forth in this paragraph.

b. No Class Member or other person will be heard on such matters unless they have filed in this Action, and served concurrently on Class Counsel and Defendants' Counsel, the objection, together with any briefs, papers, statements, or other materials the Class Member or other person wishes the Court to consider, within sixty (60) calendar days following the Preliminary Approval Date. Any objection must include: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector, if any; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing, if any; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection, if any; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any; (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last three (3) years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative.

c. To be timely, written notice of an objection in the appropriate form must be filed

with the Clerk of the Court no later than sixty (60) days after the Preliminary Approval Date, and served concurrently therewith upon Class Counsel: Jason 'Jay' Barnes, 112 Madison Avenue, 7th Floor, New York, New York, 10016, and Nada Djordjevic, Ten North Dearborn Street, Chicago, Illinois, 60602; and the following counsel for Rush: David Carney, Baker & Hostetler LLP, 127 Public Square, Suite 2000, Cleveland, Ohio, 44114.

11. Release. Upon the entry of the Court's order for final judgment after the Final Fairness Hearing, the Class Representatives and all Class Members conclusively shall be deemed to have fully, finally, and forever released any claims against defendant Rush System for Health (and Rush conclusively shall be deemed to have fully, finally, and forever released claims against Plaintiffs) to the extent defined under the terms and as set forth in the releases in the Settlement Agreement.

12. Final Approval Briefing and Hearing:

a. All motions, briefs and supporting documents in support of a request for final approval of the Settlement and Settlement Benefits, and application for attorneys' fees, expenses and Service Awards, must be filed by November 15, 2024.

b. Any oppositions or objections (if any) must be filed by December 2, 2024.

c. Any replies to an opposition (or responses to an objection) must be filed by December 9, 2024.

d. A telephonic Final Fairness Hearing is scheduled for December 17, 2024, at 9:15 a.m. CST, using the dial-in number in ¶ 9 above.

13. Reasonable Procedures. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement.

14. Extension of Deadlines. Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court. The Court reserves the right to adjourn or continue the Final Fairness Hearing, and/or to extend the deadlines set forth in

this Order, without notice to the Class.

15. If Effective Date Does Not Occur. In the event that the Effective Date does not occur, this Preliminary Approval, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

**IT IS SO ORDERED:**

Date: 10/4/2024

Hon. Matthew F. Kennelly
United States District Judge