IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON, on behalf of herself and others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 1:22-cv-05380 <br>)<br>) The Honorable Matthew F. Kennelly, Judge |
| vs. | )<br>) |
| RUSH SYSTEM FOR HEALTH d/b/a RUSH UNIVERSITY SYSTEM FOR HEALTH, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND RE-CERTIFYING THE SETTLEMENT CLASS**

On October 4, 2024, the Court entered an order granting preliminary approval of the Settlement Agreement between Defendant Rush System for Health ("Rush") and Plaintiffs Marguerite Kurowski and Brenda McClendon ("Plaintiffs"), certifying the Settlement Class for injunctive relief purposes, appointing Settlement Class Counsel, appointing Plaintiffs as Settlement Class Representatives, and setting a schedule for final approval. Dkt. 152 ("Preliminary Approval Order").

On November 15, 2024, Plaintiffs moved for final approval and re-certification of the Settlement Class. On December 17, 2024, the Court held a Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate, and whether judgment should be entered dismissing this litigation with prejudice. Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement; all supporting materials thereto; and the oral argument of counsel, **IT IS HEREBY ORDERED** as follows:

1.      <u>Defined Terms</u>. This Order incorporates by reference the definitions in the Settlement Agreement (Dkt. 150-1), and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement unless otherwise noted.

2.      <u>Final Approval of the Settlement.</u> The Court approves the Settlement Agreement, as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. Specifically, the Court finds that the Settlement Class Representatives and Settlement Class Counsel have adequately represented the Settlement Class in all respects. The Court also finds that the Settlement was negotiated at arm's length by informed and experienced counsel after two years of hard-fought litigation on both sides. The injunctive relief provided to the Class under the Settlement Agreement is adequate and will provide a benefit to all Class Members, and more broadly to all visitors of Rush's web properties. Moreover, there would be substantial costs, risks and delay associated with proceeding to trial and potential appeal. Finally, the Court finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other, and provides benefits equally to Members of the Settlement Class.

3.      <u>Injunction:</u> Rush has agreed (Dkt. 150-1, ¶¶ 2.1-2.3), and the Court hereby orders, as follows:  Rush shall adopt, implement, and/or maintain the following privacy commitments:

> (1) Pursuant to the Settlement Agreement, ¶ 2.1, and for a period of two years, Rush shall remove any remaining vestiges of the following tracking technologies on Rush's Websites:
>
>> a. Google Analytics
>>
>> b. Google DoubleClick
>>
>> c. Google Ads
>>
>> d. Meta (including Facebook, Instagram, and all other Meta entities)
>>
>> e. Amazon
>>
>> f. TikTok
>>
>> g. Pinterest
>>
>> h. Liveramp

      i. TheTradeDesk

      j. LinkedIn (except for on Rush's careers page)

      k. Oracle

      l. BidSwitch

      m. Yahoo

      n. Bidtellect

      o. Twitter / X

      p. Rubicon Project

      q. YouTube

      r. Hotjar

      s. CrazyEgg

For purposes of this injunction, the term "Websites" shall be defined to mean www.rush.edu, doctors.rush.edu, and mychart.rush.edu.

(2) Pursuant to the Settlement Agreement, ¶ 2.2, Rush may use HIPAA-compliant third-party companies to perform analytics and de-identifying functions on Rush's Websites, so long as Rush has a Business Associate Agreement with the third-party.

(3) Pursuant to the Settlement Agreement, ¶ 2.3, on an annual basis each year following the date of this Order, for a two-year period, Rush shall provide Class Counsel with a declaration, signed under oath, attesting to continued compliance with the above-stated requirements. Service shall be made on Class Counsel as follows (email service shall be sufficient):

> Jason 'Jay' Barnes
> SIMMONS HANLY CONROY LLP
> 112 Madison Avenue, 7th Floor
> New York, NY 10016-7416
> jaybarnes@simmonsfirm.com
>
> -and-
>
> Nada Djordjevic
> DICELLO LEVITT LLP
> Ten North Dearborn St., Sixth Floor
> Chicago, IL 60602
> ndjordjevic@dicellolevitt.com

4. <u>Class Definition & Certification</u>. The Court incorporates its preliminary conclusions in the Preliminary Approval Order (Dkt. 152) regarding the satisfaction of Federal Rule of Civil Procedure 23(a) and (b) and re-certifies, solely for purposes of the Settlement Agreement and this Final Approval Order, the following Settlement Class:

> All Rush University System for Health, Rush University Medical Center, Rush Oak Park Hospital, Rush Copley Medical Center, Rush Medical Group, and any and all predecessor entities' patients who are current Rush MyChart patient portal users and/or account holders.

5. <u>Settlement Class Representatives</u>. The Court re-appoints Margeurite Kurowski and Brenda McClendon as Settlement Class Representatives and concludes they have fairly and adequately represented the Settlement Class and shall continue to do so.

6. <u>Settlement Class Counsel</u>. The Court re-appoints Jason 'Jay' Barnes of Simmons Hanly Conroy LLP and Nada Djordjevic of DiCello Levitt LLP as Co-Lead Settlement Class Counsel for the Settlement Class (together, "Class Counsel"). Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

7. <u>Class Notice</u>. Because this Settlement provides injunctive relief to and for the Settlement Class, the Court finds and determines that providing notice to the relevant federal and state regulatory authorities pursuant to 28 U.S.C. § 1715 (the "CAFA Notice"), constitutes sufficient notice of the matters and fully satisfies the requirements of due process, Rule 23(e) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules.

*See, e.g., Jeanne and Nicolas Stathako, et al., v. Columbia Sportswear Co., et al.*, No. 4:15-CV-04543-YGR, 2018 WL 582564, at *3 (N.D. Cal. Jan. 25, 2018) ("In injunctive relief only class actions certified under Rule 23(b)(2), federal courts across the country have uniformly held that notice is not required.") (collecting cases); *Lilly v. Jamba Juice Co.,* No. 13-CV-02998-JST, 2015 WL 1248027, at *9 (N.D. Cal. Mar. 18, 2015) ("Because, even if notified of the settlement, the settlement class would not have the right to opt out from the injunctive settlement and the settlement does not release the monetary claims of class members, the Court concludes that class notice is not necessary."); *Jermyn v. Best Buy Stores, L.P.,* No. 08 CIV. 214 CM, 2012 WL 2505644, at *12 (S.D.N.Y. June 27, 2012) (quoting *Green v. Am. Express Co.,* 200 F.R.D. 211, 212–13 (S.D.N.Y. 2001)) ("Courts have held that no notice is required under several circumstances, including . . . 'when the settlement provides for only injunctive relief, and therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, . . . when there is no evidence of collusion between the parties, and . . . when the cost of notice would risk eviscerating the settlement agreement.'").

8. <u>Attorneys' Fees, Expenses & Service Awards</u>. Class Counsel separately move for an award of attorneys' fees, expenses and service awards. The Court will issue a ruling on that motion separately.

9. <u>Release</u>. The Settlement Class Representatives and all Settlement Class Members conclusively are deemed to have fully, finally, and forever released any claims for injunctive relief against defendant Rush System for Health (and Rush conclusively is deemed to have fully, finally, and forever released claims against Plaintiffs) to the extent defined under the terms and as set forth in the releases in the Settlement Agreement. The Settlement Class Representatives (but not any other members of the Settlement Class) also release their individual claims for money damages, as also defined under the terms and as set forth in the releases in the Settlement Agreement.

10. <u>Retention of Jurisdiction</u>. The Court will retain jurisdiction over this litigation and the Parties with respect to the interpretation, implementation, and enforcement of the Settlement Agreement for all purposes.

11. <u>Dismissal</u>. The Court hereby dismisses this litigation in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

**NOW, THEREFORE**, the Court hereby GRANTS Plaintiffs' Motion for Final Approval and Re-Certification of the Settlement Class. A Judgment per Fed. R. Civ. P. 58 will be entered separately.

**IT IS SO ORDERED:**

Date: 12/17/2024

_____
Hon. Matthew F. Kennelly
United States District Judge