# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| MARGUERITE KUROWSKI and BRENDA MCCLENDON, on behalf of herself and others similarly situated, ) ) ) ) | ) Case No. 1:22-cv-05380 |
| Plaintiffs, ) | ) The Honorable Matthew F. Kennelly, Judge |
| vs. ) | ) |
| RUSH SYSTEM FOR HEALTH d/b/a RUSH UNIVERSITY SYSTEM FOR HEALTH, ) ) ) | ) |
| Defendant. ) | ) |

**ORDER GRANTING SETTLEMENT CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS**

On October 4, 2024, the Court entered an order granting preliminary approval of the Settlement Agreement between Defendant Rush System for Health ("Rush") and Plaintiffs Marguerite Kurowski and Brenda McClendon ("Plaintiffs"), certifying the Settlement Class for injunctive relief purposes, appointing Settlement Class Counsel, appointing Plaintiffs as Settlement Class Representatives, and setting a schedule for final approval. Dkt. 152 ("Preliminary Approval Order").

On November 15, 2024, Settlement Class Counsel moved for an award of attorneys' fees, reimbursement of litigation expenses, and Class Representative Service Awards (the "Motion for Fees"). On December 17, 2024, the Court held a Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate, and to hear argument on the Motion for

Fees. Having considered Plaintiffs' Motion for Fees; all supporting materials thereto; and the oral argument of counsel, **IT IS HEREBY ORDERED** as follows:

1.    <u>Defined Terms</u>. This Order incorporates by reference the definitions in the Settlement Agreement (Dkt. 150-1), and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement unless otherwise noted.

2.    <u>The Motion for Fees is granted</u>: The Court awards the Settlement Class Counsel the requested sum of $2,800,000 (the "Fee Award") to be paid by Rush per the terms of the Settlement Agreement:

    a.  The Court finds this amount to be reasonable, which represents an implied multiplier of approximately 1.17 on reported lodestar of $2,508,039.50 through October 31, 2024, for a number of reasons, including, in particular: (i) achieving important injunctive relief for the Settlement Class representing the full prospective relief sought by Plaintiffs in this case; (ii) the many risks of the case and the skill of Rush's counsel; (iii) the clarity to privacy law that resulted from Settlement Class Counsel's work; (iv) the long duration, entirely contingent and risky nature of the litigation; and (v) the perseverance, skill and dedication Settlement Class Counsel demonstrated throughout the litigation.

    b.  The Court also awards this amount because it was agreed to by Rush in the Settlement Agreement (pending Court approval) which is an independent basis for approval under Fed. R. Civ. P. 23(h) ("the Court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement").

2.    <u>The Motion for Reimbursement of Litigation Expenses is Granted</u>. Further, the Court grants the Settlement Class Counsel's request for $20,000 in unreimbursed litigation expenses to be paid by Rush. The Court finds that the expenses were reasonably incurred

in the prosecution of this case, are of the nature and amount customarily required for such litigation (including expert fees, court filing fees, electronic research and document and data hosting at an external vendor), and directs that this amount be added to the Fee Award and disbursed together with the Fee Award as set forth in Paragraph 4 below. The Court also notes that in the Settlement Agreement, Rush agreed to pay litigation expenses up to $20,000 and Class Counsel are not seeking reimbursement of expenses above this agreed cap. *See also* Fed. R. Civ. P. 23(h) (Court may award nontaxable costs to Class Counsel as agreed to by Defendant).

3. <u>The Motion for Service Awards is Granted</u>. Further finding that the Settlement Class Representatives fulfilled all of the duties of class representatives and ably and substantially assisted Settlement Class Counsel throughout this litigation, the Court hereby grants the requested $15,000 Service Awards for each of them ($30,000 combined) to be paid by Rush.

   a. These amounts are consistent with Service Awards approved in other cases in this Circuit. *See Heekin v. Anthem, Inc.*, No. 05-01908, 2012 WL 5878032, at *1 (S.D. Ind. Nov. 20, 2012) (awarding $25,000 each to two named plaintiffs who "conferred and participated with Class Counsel to make key litigation decisions, travelled to Indianapolis to attend hearings, and reviewed the Settlement to ensure it was a fair recovery for the Class"); *Allegretti v. Walgreen Co.*, No. 1:19-cv-05392, 2022 WL 484216, at *2 (N.D. Ill. Jan. 4, 2022) ("Plaintiffs expended significant time to benefit the Class: they responded to document requests and interrogatories, reviewed and approved pleadings, and participated in settlement discussions. Courts have approved comparable and higher service awards in similar

3

circumstances"); *Spano v. Boeing Co.,* No. 06-743, 2016 WL 3791123, at *4 (S.D. Ill. Mar. 31, 2016) (awarding $25,000 each to three class representatives who "initiated the action, took on a substantial risk, remained in contact with Class Counsel, and acted at all times for the benefit of the Class").

    b. These awards are particularly appropriate here where the Settlement Class Representatives are releasing their individual money damages claims as specified in the Settlement Agreement, but no other Settlement Class Member is.

4. <u>Schedule for Distribution</u>: The Court directs Rush to distribute the amounts approved above to Settlement Class Counsel promptly after issuance of this Order, with reasonable efforts made to pay in calendar year 2024. Settlement Class Counsel shall divide the Fees and Expenses awarded above between the two firms per their allocation agreement. Settlement Class Counsel shall also promptly distribute the Service Awards to the Class Representatives, but in no event more than five (5) business days after receiving the distribution from Rush.

5. <u>Court Retains Jurisdiction</u>: The Court will retain jurisdiction over the implementation and enforcement of the Settlement Agreement and all terms of this Order.

Date:   12/17/2024

                                         Hon. Matthew F. Kennelly
                                         United States District Judge